The People, on the relation of J. Waring, vs. Monroe C. P.

It is not necessary in a *bill of particulars* to specify a promisory note declared on.

Physicians and surgeons are entitled to recover for the services of their students in attendance upon their patients.

Motion for a mandamus. The relator was sued in the Monroe C. P. The declaration contained counts on a promissory note, and for work, labor and services by the plaintiffs as physicians and surgeons, and the common money counts. A *bill of particulars* was delivered, containing sundry charges for visits, medical attendance and medicine, but did not specify the note declared on. The cause was *referred*, and the referees received in evidence the note, though objected to by the defendant. They also allowed charges for visits and attendance of a *student* of the plaintiffs, which were also objected to by the defendant. For these causes the defendant applied to the common pleas to set aside the report of the referees, which motion was denied ; and now a mandamus is asked directing the common pleas to set aside the report.

*N. Bacon*, for relator.

*E. Smith Lee*, contra.

*By the Court*, Savage, Ch. J. The note was properly received in evidence, although not specified in the bill of particulars. The use of a bill of particulars is to apprise a party of the specific demands of his adversary when the pleadings are general and leave uncertain what is particularly demanded either in a declaration or notice of set off ; and has no application whatever when the demand is specifically set forth in the pleadings. The charges for the services of the student of the plaintiffs, who were physicians and sur-

geons, were proper. The statute prohibiting the recovery of fees by unliscenced physicians does not prevent the recovery for such services ; it is a recovery by the masters, who are licenced physicians, for services rendered by the servant. On neither ground was the relator entitled to succeed in his motion to set aside the report. The mandamus is denied.