LANDON *against* SAGE.

A bill of particulars is an amplification of general pleading ; and its object is to apprize the opposite party of the nature and extent of the claim, more specifically and precisely than such pleading would do, so as to prevent surprise.

If it convey the requisite information to the party, and contain nothing calculated to mislead him, it is sufficient.

Therefore, where the plaintiff, in an action of *assumpsit* for money paid, laid out and expended, having purchased for the defendant, and delivered to his order, at various times, under a contract, large quantities of grain, furnished, in obedience to an order of court, a bill of particulars, in the form of an account, shewing the quantities of the different grains purchased, the persons of whom they were purchased, the date of each purchase, the price per bushel, the places where they were delivered, the time when and the persons by whom they were transported, the quantity in each load, the sum paid for tranportation, the incidental expenses and the commissions claimed, with a summary statement of the whole account ; on an objection by the defendant, that the plaintiff could not recover in this action, because his claim for money paid, laid out and expended in the purchase of grain, was not sufficiently stated in the bill of particulars, it was held, that the plaintiff's claim and the particulars of it, were sufficiently stated in such bill.

THIS was an action of *assumpsit,* in several counts ; one for money had and received ; one for work and labour ; one for goods sold and delivered ; and another for money paid, laid out and expended.

The cause was tried at *Litchfield, February* term, 1836, before *Church,* J.

On the 18th of *October,* 1832, the defendant contracted with the plaintiff, who resided at a place called *Boston Corner,* in the state of *New-York,* to purchase for him, the defendant, large quantities of wheat, rye, and indian corn, for the purpose of being ground and manufactured, by the defendant, for his own advantage and profit, into flour and meal, at his mill in *Colebrook* in this state ; which grain, the plaintiff contracted to deliver, some at that mill, some at the house of *Miles Miner* in *Canaan,* and some at the plaintiff's residence at *Boston Corner.* To enable the plaintiff to make such purchases, the defendant had advanced, from time to time, and paid to the plaintiff, diverse sums of money, the particulars of which were stated in an account, exhibited, by the defendant, on the trial.

Some time before the trial, the plaintiff, under an order of court, delivered to the defendant a bill of particulars of his claim in this action; which was the only one delivered. This was in the form of an account between the parties, from *November*, 1832, to *November*, 1833, containing a great number of charges for grain purchased and the transportation of it, with the date of each charge, specifying the sort and quantity of grain purchased, the persons of whom it was purchased, the places of delivery, the persons employed as assistants or agents, the quantity in each load, the price *per* bushel, the incidental expenses and the items composing them, the time spent by the plaintiff, and the compensation claimed. The items covered eight pages of *foolscap* paper. The following summary was stated in the bill:

"Grain delivered at *Miner's*, in *Canaan*, 3328

   bushels,                       $2254 84

Commission for purchasing said grain, at 2 *per cent.*,   66 56

Amount of grain received at my store, and stored

   partly, through the *Summer*, 2831 bushels, and

   commission for receiving and delivering,       169 86

Expense for keeping teams over night (on 6th and

   7th pages,)                         44 76

Amount of wheat and rye (on 4th page.) Rye &c.

   $1449,31. Wheat, $2033,46,        3482 77

Remainder of rye at *Landon's*, (see 8th page,)   277 13

Labour and time spent in taking care of grain (on

   page 5,)                          42

Storage, labour and taking care of grain at *Miner's*  100

Interest computed from time to time. Sum total, $6437 92"

The plaintiff abandoned the count for work and labour, and offered no evidence in support of the count for goods sold and delivered, unless the facts here stated conduced to prove, that the plaintiff had sold to the defendant, wheat, rye and corn, as set forth in the plaintiff's bill of particulars. The plaintiff claimed to have proved, that in pursuance and fulfilment of his contract with the defendant, he had contracted for, purchased and paid for, to the grain-growers and farmers, large quantities of wheat, rye and corn, for the defendant, which he had delivered at the places mentioned in the contract. He also claimed

*Litchfield,*
*June, 1836.*

*Landon*
*v.*
*Sage.*

to have proved, that he had devoted much time in purchasing, storing and taking care of the grain so purchased, and which he had charged to the defendant, under the name of commissions, &c.; that he had also paid out for the defendant divers sums of money, for the transportation of the grain to the several places of delivery; and that he had paid a much larger sum of money for the defendant, in the purchase of the grain, than he had received of the defendant, either in advance or in payment.

The defendant claimed and prayed the court to charge the jury, that the plaintiff could not recover of the defendant, for money paid, laid out and expended, in the purchase of the grain, on the ground that no such claim or cause of action was sufficiently stated in the bill of particulars. But the court refused so to charge the jury; and they returned a verdict for the plaintiff. The defendant thereupon moved for a new trial.

*P. Miner* and *L. Church*, in support of the motion, contended, 1. That a party giving a bill of particulars, is as much bound by it, as by a declaration. *Williams* v. *Leeds, Kirby,* 278. *Bangs* v. *Snow,* 1 *Mass. Rep.* 181. *Holland* v. *Hopkins,* 2 *Bos. & Pull.* 243. *Downer* v. *Lathrop,* 1 *Root* 273.

2. That the plaintiff cannot recover on the count for money paid, laid out and expended, as no such claim or cause of action appeared or was sufficiently stated in the bill of particulars.

*Holabird* and *J. H. Hubbard*, contra, insisted, 1. That the object of a bill of particulars being to apprize the opposite party of the nature of the claim, so that there can be no surprise, where the pleadings are general, a bill of particulars is sufficient, if it answers this purpose, and is not so materially erroneous as to lead such party into error. 2 *Stark. Ev.* 577. 1 *Phill. Ev.* 153. *Day* & al. v. *Bower,* 1 *Campb.* 69. n. *Brown* v. *Williams,* 4 *Wend.* 368. *The People* v. *Monroe, C. P.* 2 *Wend.* 200. *McNair* v. *Gilbert,* 3 *Wend.* 344. 346. *Gay* v. *Cary,* 9 *Cowen,* 45. If the bill of particulars specify the transaction upon which the claim arises, it need not specify the technical description of the right resulting to the plaintiff. *Brown* v. *Hodgson,* 4 *Taun.* 189. *McNair* v. *Gilbert,* 3 *Wend.* 344. *Bonney* v. *Seely,* 2 *Wend.* 481. *Lambirth* & al. v. *Roff,* 8 *Bing.* 411. (21 *Serg. & Lowb.* 338.)

2. That in this case, the bill of particulars well informed the defendant against what he was to make defence. It states, with sufficient clearness, a claim in the plaintiff for money paid, laid out and expended for the defendant. It states an account of all the grain bought and delivered; the price *per* bushel; the number of bushels in each load, and the whole number of loads; when, and where, and by whom, it was delivered; the the cost of delivery; and the whole amount of money disbursed by the plaintiff. The bill of particulars is substantially an account of money paid; and states the grain as the cause or ground on which the money was paid.

*Litchfield,*
*June, 1836.*

Landon
*v.*
Sage.

3. That if the bill of particulars is insufficient, the defendant cannot take advantage of the insufficiency in this way. The bill of particulars, in this case, was rendered under an order of the court, and the defendant went to trial, without objecting to it. If he was dissatisfied with the particulars, he should have obtained an order for further particulars. *Goodrich* ads. *James*, 1 *Wend.* 289.

4. That the defects or insufficiency, if any, in the bill of particulars, are cured by verdict. 1 *Chitt. Pl.* 712. 723. 1 *Wms. Saund.* 228. n. 1.

HUNTINGTON, J. The application for a new trial of this cause, is founded on the refusal of the judge at the circuit, to instruct the jury, " that it was not competent for the plaintiff to prove, and that he could not recover of the defendant for, money paid, laid out and expended," under the circumstances disclosed in the motion, on the ground that no such claim or cause of action appeared, or was sufficiently stated, in the bill of particulars furnished the defendant.

The sufficiency of the bill of particulars, is the only point which this motion presents for our consideration.

The practice of ordering a bill of particulars to be delivered, was introduced to prevent surprise on the defendant. It is designed to give him information of the nature of the plaintiff's claim, that he may be enabled to prepare his defence. The requisites of such a bill, have been, for a long period, known and established. The object for which, and the terms in which it is to be drawn, are well expressed, by *Starkie*, in his treatise on the law of *Evidence*, (*vol.* 3. *p.* 1055.) which, Lord *Tenterden*, in *Street* v. *Blay*, 2 *B. & Adol.* 456, styles " an excellent

work." The object of a bill of particulars, is, to give the defendant more specific and precise information as to the nature and extent of the demand made upon him, by the plaintiff, than is announced by the declaration, in a mode unincumbered by the technical formalities of pleading. Hence, they are in general sufficient, provided they be not so materially erroneous as probably to have led the defendant into error. If the defendant has been apprised, by the bill, of the real claim intended to be made by the plaintiff, it is sufficient. If the transaction, which is the basis of the plaintiff's action, is set forth in the particular, it is enough, without giving a technical name to the right sought to be enforced. *Brown* v. *Hodgson*, 4 *Taunt.* 188. The material question, in all these cases, is, whether there is any thing in the bill of particulars, calculated to mislead the defendant: if not, it is the duty of the court to see that a party is not entrapped and defeated, by a slight variance, which could not mislead the defendant. *Lamberth* & al. v. *Roff*, 8 *Bing.* 411. A particular is sufficient, however inaccurately drawn up, if it convey the requisite information to the defendant. *Day* v. *Bower*, 1 *Campb.* 69. n. If it state the cause or transaction out of which the claim arose, with such clearness as to enable the defendant to prepare his defence, it will be sufficient. *Harrison* v. *Wood*, 8 *Bing.* 371. *Davis* v. *Edwards*, 3 *M. & S.* 380. *Harrington* & al. v. *MacMorris*, 5 *Taunt.* 228. *Millwood* v. *Walter*, 2 *Taunt.* 224. *Dubois* v. *The Delaware and Hudson Canal Company*, 12 *Wend.* 334. *Bonny* v. *Seely*, 2 *Wend.* 482. 1 *Cow.* 574. 4 *Wend.* 360. 3 *Id.* 344. 5 *Id.* 48.

With these principles in view, we have examined the bill of particulars furnished in this cause ; and we think, there is not the slightest foundation for the claim to the instruction asked. Indeed, we believe, it would have been difficult for the plaintiff to have furnished a bill less liable to exception, better calculated to give the defendant precise information of the claim made on him, or more adapted to enable him to prepare his defence. A recurrence to it, in connexion with the facts appearing on the motion, will justify these remarks.

It is to be observed, the parties admitted that the whole of the plaintff's account arose out of a contract, into which the parties entered, and by which the plaintiff agreed to purchase for the defendant, large quantities of wheat, rye and *Indian*

corn, for the purpose of being ground and manufactured, by the defendant, for his own advantage and profit, into flour and meal, at the defendant's mill in *Colebrook ;*—which grain, the plaintiff contracted to deliver, some at that mill, some at the house of *Miles Miner* in *Canaan,* and some at the plaintiff's residence at *Boston Corner.* To enable the plaintiff to make purchases of such grain for the defendant, the latter had advanced, from time to time, and paid to the plaintiff divers sums of money, the particulars of which appear in an account of the defendant annexed to the motion. On the trial, the plaintiff abandoned the count for work and labour, and offered no evidence in support of the count for goods sold and delivered, unless the facts stated in the motion, conduced to prove, that the plaintiff had sold the defendant wheat, rye and corn, as set forth in the bill of particulars. He claimed to have proved, that, in pursuance and fulfilment of the contract admitted to have been made, he had contracted for, purchased, and paid for, to the grain-growers and farmers, large quantities of wheat, rye and corn, for the defendant, and had delivered the same, at the places mentioned in the contract, as stated in the bill of particulars. He also claimed to have proved, that he had devoted much time in purchasing, storing and taking care of the grain purchased, and which he had charged to the defendant, as stated in the particular, under the name of *commissions,* &c. ; that he had paid out for the defendant, divers sums of money for the transportation of the grain to the several places of delivery ;—and that he had paid large sums of money for the defendant in the purchase of the grain, exceeding the amount received of the defendant, either in advance or payment.

It is apparent, from the foregoing facts, which appear in the motion, that the plaintiff's claim originated from the contract, by which he was required to purchase and deliver the grain. No other claim than that which grew out of and was connected with that contract, was sought to be enforced. He commenced and prosecuted this action solely to enforce his legal rights resulting from the agreement. The defendant knew, that this contract had been made ; and the bill of particulars, demanded under the order of the court, apprised him, that the plaintiff's action was instituted to recover the amount due under the contract. It was impossible he should have been misled, or that he could have failed to understand the transaction upon which

*Litchfield,*
June, 1836.

Landon
*v.*
Sage.

the plaintiff's claim arose. He must have known, with entire certainty, both the nature and extent of the plaintiff's demand, and was thereby enabled to make his defence. The bill of particulars states no other claim against him, than such as arose out of the contract ; and it specifies the items of that claim, with great minuteness and precision. It informs him the kind of grain which was purchased, the time when, the price at which, and the persons of whom it was bought, the quantity purchased, the places where it was delivered, the names of the individuals who transported it, the expenses of labour and transportation, and other incidental expenses, and the commissions on the purchases. There was no one thing connected with the fulfilment of the contract, on the part of the plaintiff, which the bill of particulars omitted to notice. The defendant had only to examine it, to perceive, that the most precise information had been furnished him, not only in the character of the claim made upon him, but of every constituent part of it. Was he entitled to know the persons of whom and the quantities of the different grains purchased,—the places where they were delivered,—the time when, and the persons by whom they were transported,—the quantity in each load,— the whole number of bushels purchased,—the price per bushel, —the price paid for transportation,—the incidental expenses and the items composing them,—the commissions claimed ? The particular furnished him with accurate information of all and each of these facts. There was no concealment, no omission as to quantities, sums, prices, dates, places of delivery, or persons employed as agents. Full information was given of all of them. In addition to this, the plaintiff, at the close of the bill of particulars, makes a summary of what had been previously stated with so much minuteness. The whole account is put into a general form ; and the claim is stated as comprising a charge of 2254 dollars, 84 cents, for so much grain delivered at *Miner's ;*—of 3482 dollars, 77 cents, for that which was delivered at the plaintiff's house and at the defendant's mill ;—277 dollars, 13 cents, for the quantity of rye then remaining at the plaintiff's,—of 66 dollars, 56 cents, commissions for purchasing the grain delivered at *Miner's* and at the mill ;— of 169 dollars, 86 cents, commissions for receiving at and delivering from the plaintiff's store,the grain there deposited ;—of 44 dollars, 76 cents, for expenses of keeping horses over night ;—

*Litchfield,*
*June, 1836.*

Landon
*v.*
Sage.

142 dollars, storage, time and labour in taking care of the grain; —amounting, in the whole, to 6437 dollars, 92 cents, with a claim for interest. We are unable to perceive what other form the plaintiff could have used, in stating his claim and the particulars of it, better adapted to acquaint the defendant with every fact, which he desired or was entitled to know, than the form which he did adopt. The bill which was furnished, contained "certainty to a certain intent, in every particular." It left nothing to be supplied, by intendment or construction; and obviated every supposable objection, which might be urged against its sufficiency. Although the bill is but an amplification of the counts in the declaration; (*Ryckman* & al. v. *Haight*, 15 *Johns. Rep.* 222.) yet were the rigid rules applicable to pleas in estoppel and dilatory pleas applied to this particular, it would be found to possess " the utmost fulness and particularity of statement, as well as the highest attainable accuracy and precision." The defendant could not have been misled nor surprised, by it. He could not have misunderstood it. The entire claim, in its origin, progress and actual state, was fully and fairly presented to him in the bill with which he was furnished. Indeed, we cannot discern, that any fact was kept from him, or any information withheld, or that the form in which the account was stated, did or could mislead him. Even had there been any technical inaccuracy in the form, we should adopt the rule suggested by Lord *Ellenborough*, in *Davis* v. *Edwards*, 3 *M. & S.* 380., which requires the defendant to demand further particulars, and say, as did *Gibbs*, Ch. J., in *Lovelock* v. *Chevely*, 1 *Holt*, 552., though the demanding and granting of particulars, is almost a new system, and though they facilitate the trial of a cause, they must not be permitted to obstruct the justice of it.

Should we yield to the objection made to this particular, and advise a new trial, we should not only be unable to inform the plaintiff in what manner he should amend his bill to make it available, but should pervert the intent of the bill, by allowing it to be the means of entrapping the plaintiff. Looking at the facts stated in this motion, in connexion with the particulars, we cannot see, that the defendant has been deprived of any just ground of defence. They preclude the possibility of his acting under any mistake: and were we to sustain the present objection, we should carry " the principle of rigour, with respect

*Litchfield,*
*June, 1836.*

*Landon*
*v.*
*Sage.*

to particulars, too far, and convert them into a trap for plaintiffs." If this particular were less precise and formal than it is, we might apply to it the just and equitable principles adopted in cases to which we have referred, and say, with the judges who decided them, that the bill of particulars must not be made the instrument of that injustice, which it is intended to prevent ; (*Millwood* v. *Walter*, 2 *Taunt.* 224.)—that if a plaintiff were to be shut out, by a strict construction, he might be concluded by a particular fairly meant, though it may be doubtfully worded, against the justice of the case ; (*Duncan* & al. v. *Hill* & al. 2 *B. & B.* 682)—that where the particulars are sufficient "information of the demand to guard the opposite party against surprise, even inaccuracies, if not calculated to mislead, will not be material." The cases are numerous in which similar language is used ; but we forbear to quote them. We refer to two only, which cannot be distinguished, in principle, from the case before the court.

*Hunter* v. *Welsh*, 1 *Stark. Ca.* 224. This was an action of *assumpsit*, for not accounting for goods delivered to the defendant, to be sold on the plaintiff's account ; for goods sold and delivered ; and for money had and received. The bill of particulars was in this form : " *G. W.*, to *Wilson & Hunter*, ———— tierces of porter, &c. £ ——— — —." An objection was taken to the plaintiff's right to recover, on the ground that the bill purported to be for goods sold and delivered to the defendant, and not for goods delivered to him, and for which he had refused to account ; and that there could not be a recovery on the count for money had and received, because there was no proof of any sale by the defendant. But Lord *Ellenborough* said, the bill of particulars merely states the component ingredients of the debt, and is applicable to *any* of the counts in the declaration.

*Brown* v. *Hodgson*, 4 *Taunt.* 188. This was *assumpsit*, containing counts for goods sold and delivered, and for money paid. The bill of particulars was in the following form : " To 17 firkins of butter, 55*l.* 6*s.*," without saying for goods sold. The facts were, that one *Payne* had sent butter consigned to *Pen*, by the plaintiff, a carrier : the latter, by mistake, delivered it to the defendant, who sold it, and received the money, and appropriated it to his own use. *Pen* had paid *Payne* for the butter ; and *Brown*, (the plaintiff,) admitting the mistake

he had made, paid *Pen* the value. On the trial, the defendant objected, that there was no contract of sale, express or implied, arising out of this transaction ; and therefore, *assumpsit* for goods sold, could not be maintained. The count for money paid, was not adverted to, at the trial. The jury found for the plaintiff ; and a rule *nisi* was obtained to set it aside ; which was attempted to be supported, on the ground that there was no claim for money paid, in the bill of particulars, but only for goods sold. In answer to which, *Mansfield*, Ch. J., said, at the trial, my attention was not called to the count for money paid ; but upon this count, I think the action may be sustained. As to the objection taken respecting the bill of particulars ; bills of particulars are not to be construed with all the strictness of declarations ; this bill of particulars has no reference to any counts ; and it is sufficiently expressed to the defendant, that the plaintiff's claim arises on account of the butter. *Heath*, J. added, we must not drive parties to special pleaders, to draw their bill of particulars ;—and the rule was discharged. The precise objection taken in the case now before the court, was urged in the case last stated, and was, we think, rightly overruled.

We entertain no doubt, that the points made and decided at the circuit, were correctly decided. The motion for a new trial, is denied.

The other Judges were of the same opinion.

New trial not to be granted.