Sanford, J.
The declaration in this case contains three counts. The first is a special count upon a memorandum check drawn by the defendant, the second, upon a promissory note, and the third is the common money count. The defendant demanded a bill of particulars, and the plaintiff gave him a copy of the check described in the first count; and the question before us is, whether, under this bill of particulars, the check recited was admissible evidence in support of any of the counts except the first.
The argument against its admissibility seems to me to proceed upon a misconception of the object and the office of a ( *356 ] *bill of particulars. A bill of particulars is not given to indicate an election by the plaintiff of the particular count or counts on which he will claim to recover. It regards the subject matter of the claim with reference to the evidence on which it rests, rather than the manner in which that evidence is to be made available in the trial of the cause. The primary object of all pleading is, to apprise the adverse party of the claims made upon him, so that he may answer them, and prepare to meet them at the trial. When therefore, in a special count, by the description of the subject matter of the claim, and the statement of the facts on which such claim is founded, that primary object is accomplished, no bill of particulars is necessary or. demandable. But when, as in a common count for goods sold, money lent, &c., the pleading is so general as to leave uncertain what particular demand is intended, then the adverse party may need, and is entitled to, a bill of particulars, to guide him in his preparation for the trial. In reference to such counts, the particular is appropriately said to be an amplification of the declaration. But a bill of particulars “has no application whatever, when the demand is specifically set forth in the pleadings.” (Savage, Ch. J., in The People v. Monroe, 4 Wend., 200.) Hence it has been repeatedly decided, that when the declar *291 ation contains a special count as well as general ones, and the cause of action declared on in the special count is not mentioned in the “ particular,” the plaintiff may, nevertheless, prove, and recover under, his special count, as w'ell as give evidence of the cause or causes of action specified in his particular, under any count, general or special, adapted to their' recovery. The People v. Monroe, 4 Wend., 200. Hunter v. Welsh, 1 Stark., 224. Cooper v. Amos, 2 C. & P., 267. 2 Archb. Prac., 222. 1 Cow. & Hill Notes to Phill. Ev., 3rd Ed., 636, 7, 8. Smith v. Hicks, 5 Wend., 848. 1 Phill. Ev., 490. 3 Stark Ev., 1056. Landon v. Sage, 11 Conn., 302. Bishop v. Perkins, 19 id., 300. Such being the office and object of a bill of particulars, it follows that a recital or statement of the plaintiff’s whole evidence in this particular, unaccompanied by any intimation under which of the *counts in his [ *357 ] declaration he intends to use that evidence, leaves him at liberty to use it under such of them as are in point of law adapted to the claim in litigation, because the defendant, being conclusively presumed to know the law, by such a particular, and with reference to such a declaration, can never be misled. Hess v. Fox, 10 Wend., 437. Smith v. Hicks, supra.
The complaint of this defendant is, that the effect of the particular was not to give true information to the defendant, but to deceive and entrap him, simply because of “ its effect upon the declaration.” How the mere recital, in a bill of particulars, of evidence, admissible and pertinent under two or more counts, could, “ by its effect upon the declaration,” or in any other way, deceive or entrap the defendant, it is difficult to discover. The proceedings in our courts every day exhibit cases in which the plaintiff states the same cause of action in two or more counts, arid substantially alike in each of them, so that his evidence is admissible, and he is entitled to recover, under either. But I think it has never been decided that a judgment in the plaintiff’s favor on one count, and against him on the other, for that reason is erroneous.
In the case of Wade v. Beasley, 4 Esp., 7, cited by the defendant’s counsel, the declaration contained a special count upon a promissory note, and a general count for money lent. The plaintiff had given a bill of particulars, in which he stated that the action was brought to recover the amount of a note, describing it as it was described in the special count. The note when produced upon the trial was found to be without the proper stamp, and was therefore inadmissible in evidence under any count, whether specified in the particular or not. The plaintiff then offered other evidence of a loan of the money for which the *292 note was given, but Lord Kenyon, Ch. J., rejected that evidence, because no intimation was given in the particular of any intention to introduce suck evidence.
The difference between that case and the case at bar is manifest and material. In both of them, indeed, the particular pointed only to the written instrument declared on [ *358 ] and *specifically described in the special counts, as the evidence on which the plaintiff intended to rely, so that the defendant could not he required to come prepared to meet any other claim or any other evidence. But in Wade v. Beasley, the evidence to which the plaintiff had confined himself by his particular was, by reason of the statutory prohibition, inadmissible under any count, and was not in fact offered under the money counts—other evidence, in no way mentioned or alluded to in the particular, being resorted to instead of it. In the case at bar, the check recited in the particular was a valid instrument, to which no objection was or could be taken for want of any substantial, formal, or statutory requisite, and was the very evidence introduced under the common count, and on which the recovery was had. A valid promissory note is evidence against the maker of it under the common count for money lent, and, prima facie, sufficient evidence to maintain such count, because, in legal contemplation, it proves a loan of money, as it proves also the promise of re-payment which its language imports ; and, had the note in the case of Wade v. Beasley been duly stamped, it would undoubtedly have been admissible and admitted under either or both of the counts at the election of the plaintiff. The defendant’s' objections were therefore rightly overruled.
The superior court decided correctly also in relation to the costs. The plaintiff claimed but one .cause of action, and the only issue was upon his right to recover upon that. The rule cited by the defendant’s counsel authorizes the allowance of costs to both parties only when two or more issues are joined for distinct causes of action. Reg. Gen., ch. 9, § 7., 18 Conn., 567.
The judgment compained of should be affirmed, and the motion for a.new trial, denied..
In this opinion the other judges concurred.
Judgment affirmed.
New trial not advised.