## JOSEPH VILA *vs.* BYRON WESTON.

A bill of particulars is demandable of right where there are general counts in the declaration, and in respect to one or all of them. And it may be voluntarily furnished by the plaintiff without demand and in respect to one or all of them. In either event it is, in effect, an amendment or amplification of the count or counts for which it is furnished or to which it is applicable.

If demanded in respect to one or more and not all the counts the right to demand it is waived as to the others, and if furnished voluntarily and generally, it will be applied to the count or counts to which in its nature it is applicable.

A bill of particulars need not be technically accurate; it can not be demurred to; it is sufficient if it gives the necessary information, and if the defendant is not satisfied with it he must move to have it made more specific.

But a bill of particulars can not be required where the necessary information is contained in a special count; therefore, where the declaration contained a special count on a note, and the general counts, and a bill of particulars was furnished which did not contain the note, it was held that the note, if inadmissible under the special count because of variance, was admissible under the money count.

In an action on a note the plaintiff must possess the legal title when the action is commenced, and continuously thereafter; and therefore he can not transfer the note after the action is commenced, and repurchase before trial, and rely at the trial on the new title.

Where a judgment is obtained on a note, and the judgment is afterwards assigned, and subsequently the judgment is reversed, the assignor and assignee are respectively restored by the reversal to their original positions in respect to the note.

ASSUMPSIT, against the defendant as surviving partner of the firm of Imlay & Weston. The declaration contained a special count upon a promissory note of the firm, and the common counts in general assumpsit, with a factorizing process attached. The suit was brought to the September Term of the superior court in Hartford county in the year 1859, and judgment taken by default at that term. This judgment was reversed at the December term of the court in the year 1862, and the case again entered on the docket for trial.

The plaintiff was the owner of the note when the suit was brought and continued to be so till after the first judgment was rendered. On the 28th of February, 1861, and while the judgment was in full force, the plaintiff assigned the

claim on which the judgment was rendered to Edward Goodman, by the following instrument :—

" Know ye, that I, Joseph Vila, of the city of Boston and Commonwealth of Massachusetts, in consideration of one dollar received to my full satisfaction of Edward Goodman, of the city of Hartford and state of Connecticut, have bargained, sold, transferred and assigned, and by these presents do bargain, sell and transfer unto the said grantee, a certain debt or claim against the late firm of Imlay & Weston, and upon which a judgment has been recovered against the said Weston, as surviving partner of the late firm of Imlay & Weston, with all sum or sums of money due or that shall be due thereon, with full power and authority to him the said grantee to collect the same, to bring any suit or suits in my name that may be necessary for that purpose, to make and execute proper receipts and discharges for the same, and to do any other act necessary for the collection of the same ; all of which is to be done without any cost or expense to me. In witness whereof I have hereunto set my hand and seal, this 28th day of February, 1861.     JOSEPH VILA. (Seal.) "

After the judgment had been reversed and the case again entered on the docket of the court, and while it was pending for trial, the plaintiff and Goodman entered into the following agreement with regard to the note :—

" This agreement, made on the 1st day of June, 1864, between Edward Goodman, of Hartford, Connecticut, party of the first part, and Joseph Vila, of Boston, in the state of Massachusetts, party of the second part, witnesseth :—That the party of the first part, in consideration of the sum of one dollar, to him in hand paid by the party of the second part, hath bargained, sold, transferred, assigned and delivered, and by these presents doth bargain, sell, transfer and assign to the party of the second part, all the right, title and interest that he has in and to a certain promissory note, dated August 10th, 1857, made by Imlay & Weston, for the sum of $246.01, payable to the order of Joseph Vila, agent, at Faneuil Hall

Bank, six months after date. And the party of the second part, in consideration of the premises aforesaid, on his part covenants and agrees to and with the party of the first part, to purchase of him all the right, title and interest that he has in and to said note, and to pay him the price aforesaid for the same, and hereby he authorizes and empowers the party of the first part to sue for and collect the same at his cost and expense, to prosecute any suit now pending for that purpose, and to use his name for that purpose, and he hereby agrees to and with the party of the first part, in consideration of the premises aforesaid, that if any judgment shall ever be recovered in his name against Byron Weston, surviving partner of the late firm of Imlay & Weston, upon any suit now pending against him, he will assign and transfer to the party of the first part the said judgment, and all sums of money due thereon, and authorize and empower him to collect the same. In witness whereof the said parties have hereunto set their hands and seals. EDWARD GOODMAN, (Seal.) JOSEPH VILA, (Seal.)"

Goodman was the attorney of the plaintiff to commence and prosecute the present suit, and as such had the custody of the note until judgment was rendered, when it was lodged on file with the clerk of the court, where it remained until after the judgment was reversed, when it was taken by Goodman, in whose custody it has ever since remained. There was nothing paid by Vila to Goodman as consideration for the above contract and the note was never indorsed by Goodman. The possession of the note remained unchanged, and Vila did not assume the direction or control of the suit, but Goodman continued to direct and control it as he had previously done. There was no evidence of any fraudulent intent or improper motive on the part of Goodman and Vila, or either of them, in entering into the contract, but the same was made for the purpose of reinvesting the legal title to the note in Vila, in order that he might prosecute the suit to final judgment. The note had been indorsed in blank by Vila when the suit was brought.

The plaintiff previous to the trial filed the following bill of particulars :—

BOSTON, August 10, 1857.

Messrs. Imlay & Weston, Hartford, Conn.

Bought of Joseph Vila.

| | |
|---|---|
| Six barrels tallow oil, 248 galls. at $1, | $248.00 |
| Carting, | 1.26 |
| | $249.26 |

The case was tried, on the general issue closed to the court, before *Carpenter, J.* On the trial the plaintiff offered in evidence under the common counts the note of Imlay & Weston. The defendant objected to its admission on the ground that it was not stated in the bill of particulars, but the court admitted it.

The defendant then claimed that upon the facts the plaintiff could not recover, because the legal title to the note had passed from him after the suit was brought, and that he had not been reinvested with the legal title, and that if he had been he could not sustain the suit upon the title so reacquired. The court overruled these claims and rendered judgment for the plaintiff, and the defendant moved for a new trial.

*Chamberlin*, in support of the motion.

1. The note should not have been admitted under the common counts. It was inadmissible under the special count by reason of variance, and was excluded under the common counts by the bill of particulars, which stated the plaintiff's whole claim under those counts and made no reference to the note. A bill of particulars limits a plaintiff to the particular matters set forth in it. *Landon* v. *Sage*, 11 Conn., 302 ; *Dean* v. *Mann*, 28 id., 356 ; *Babcock* v. *Thompson*, 3 Pick., 448 ; *Commonwealth* v. *Snelling*, 15 id., 331 ; *Commonwealth* v. *Giles*, 1 Gray, 469 ; *Williams* v. *Sinclair*, 3 McLean, 289 ; *Harding* v. *Griffin*, 7 Blackf., 462 ; *Bowman* v. *Earle*, 3 Duer, 691 ; *Williams* v. *Allen*, 7 Cowen, 316 ; *Starkweather* v. *Kittle*, 17 Wend., 20 ; *Brown* v. *Calvert*, 4 Dana, 219 ; *Wade* v. *Beasley*, 4 Esp., 8. It will not do to say that the

description of the note in the special count is sufficient notice to the defendant, since it was rejected as proof under that count on the ground of variance. It therefore can not be regarded as described in that count.

2. The plaintiff can not recover because he had parted with the legal title after the suit was brought. *Lee* v. *Jilson*, 9 Conn., 94 ; *Curtis* v. *Bemis*, 2d id., 1. The legal title was not reinvested in the plaintiff by the contract of June, 1864. The legal title could not pass without delivery, and there was clearly no delivery as the note remained in the hands of Goodman. The possession of Goodman was not as attorney for Vila, but in his own right as purchaser of the note. Not even the equitable title passed, as the contract was wholly without consideration. But even if the legal title had been reinvested in the plaintiff he could not recover, as a plaintiff can recover only on the title which he had when the suit was brought. A title afterwards acquired can not avail him. *Parlin* v. *Haynes*, 5 Greenl., 178 ; *Andrews* v. *Hooper*, 13 Mass., 472 ; *Trellington* v. *Gale*, id., 487 ; *Hall* v. *Bell*, 6 Met., 433 ; *Taintor* v. *Hemenway*, 7 Cush., 573 ; *Curtis* v. *Francis*, 9 id., 444 ; *LeBret* v. *Papillou*, 4 East, 502.

*Goodman* and *Freeman*, contra.

1. The note was admissible in evidence under the common counts. The whole object of the bill of particulars was to give the defendant notice in an informal way of the claim that he would have to meet. *Landon* v. *Sage*, 11 Conn., 306. Where this appears from the declaration no bill of particulars is necessary. Here the note is set out in the special count with sufficient accuracy to give the defendant notice of it, and it was not necessary that further notice should be given of it by the bill of particulars. The defendant can not claim to have been taken by surprise.

2. The legal title to the note was not transferred to Goodman by the assignment of the judgment in February, 1861. There was evidently no intention to transfer the note as such, and the intention is the real question. *Bond* v. *Storrs*, 13 Conn., 415 ; *Central Bank* v. *Curtis*, 26 id., 533, 541. There

was no delivery of the note at the time, and delivery is essential to the transfer of a negotiable note. Edwards on Bills, 286. The previous indorsement and delivery to Mr. Goodman were solely for the purpose of collection. At the time of the assignment of the judgment the note was on file in the office of the clerk of the court and could not be withdrawn. Besides, it had become merged in the judgment, and no longer had an existence in law as a note. The reversal of the judgment could not give an effect to the assignment, in its relation to the note, that it had not before. *Brush* v. *Curtis*, 4 Conn., 312; *Grand Gulf Bank* v. *Wood*, 12 Sm. & Marsh., 482; *Scott* v. *Metcalf*, 13 id., 563; *French* v. *Turner*, 15 Ind., 59.

BUTLER, J. A bill of particulars is demandable by the defendant of right, where there are general counts. It may be asked for in respect to one or all the counts. If required and ordered for all the counts, it limits the right of the plaintiff to give evidence in respect to all. If not required at all, the defendant waives, or rather does not exercise his right, and if required in respect to one or a part of the counts, the right is waived as to the others. So the plaintiff may voluntarily give a bill of particulars in respect to one or all the counts, and he will be concluded to the same extent as if the bill was demanded and ordered, and furnished in compliance with the order, for it is in effect an amendment of his declaration. It is not unusual for a plaintiff to give, or for the defendants to ask, a bill in respect to the counts for goods sold, or work and labor done, without reference to the money counts, and in such case the bill is not operative as to them. In this case it does not appear whether the bill was furnished voluntarily, or on request, or in compliance with an order of the court; nor does it appear whether it was asked for or given with reference to all the counts or not. On its face it is applicable to the count for goods sold, and that only, and there is no presumption that it was asked for, ordered or intended for any other. The court must be presumed to have acted rightly, and the onus of showing the contrary is upon the defendant, and as the motion does not show that

the bill furnished was intended for the money counts and was operative in respect to them, the first point of the defendant could not avail him if right in respect to the principles involved.

But the defendant is wrong in respect to those principles. Such a bill is doubtless in a general sense an amplification of the general count and has the effect to make it, *quoad* the consideration of the alleged promise, a special one, but its only purpose is to apprise the defendant of the nature of that consideration and demand. It need not be technically accurate ; it can not be demurred to; it is sufficient if it gives the necessary information to the defendant, and if he thinks it does not he must move to have it made more specific, or abide it. As the sole office of the bill is to give the party information which the pleadings by reason of their generality do not give, he can not require the bill where the necessary information is contained in a special count. It is not necessary, therefore, that the plaintiff should insert in his bill a note which is declared upon specially, or state in the bill that he shall offer it under the money counts if it becomes necessary. The defendant is informed by the special count that the plaintiff claims to recover in *that action* on *that note*, and he knows, as *matter of law*, that if the plaintiff has misdescribed it, and it is objected to on the ground of variance, he will have a right to offer it, and probably will offer it, under the money counts; and these are all the material facts that he could learn from the most carefully prepared bill of particulars.

These principles have been recognized in our sister states, although the cases seem to have been overlooked. Thus, in *Tibbetts* v. *Pickering*, 5 Cush., 83, a note was declared upon specially, and the money counts were added. A rule of the court prescribed that the plaintiff in all cases where there were general counts in the declaration should file a bill of particulars, and should not be permitted to give evidence applicable to them unless he did so. None was filed in the case. On the trial the note declared upon was offered under the special count, and objected to on the ground of variance. The court admitted it, and the question whether it was prop-

Vila *v.* Weston.

erly admitted or not was carried to the supreme court. That court did not decide that question, but held that it was unnecessary to do so, for that, if inadmissible, a new trial could not be granted because the note was admissible under the money counts nothwithstanding there was no bill of particulars. In respect to that question the court said :—" The defendant had full knowledge of this claim of the plaintiff from the pleadings. The note itself now sought to be recovered was set forth as a cause of action in one of the counts. This superseded the necessity of filing a bill of particulars, setting forth the note as a demand upon which the plaintiff would rely at the trial."

So in *The People* v. *Monroe*, 4 Wend., 200, a note was declared upon specially, and offered, objected to, and received under the money counts, although there as here there was a bill of particulars which did not specify it. The case went up to the supreme court on that ruling, and they sustained it. Chief J. Savage, in giving the opinion of the court, said :—" The note was properly received in evidence, although not specified in the bill of particulars. The use of a bill of particulars is to apprise a party of the specific demands of his adversary, when the pleadings are general, and leave uncertain what is particularly demanded, either in a declaration or notice of set-off, and has no application whatever when the demand is specifically set forth in the pleadings." These principles and cases are decisive of the point.

The defendant is right in his claim that the plaintiff must have the legal title to the note at the time of trial. That was settled in the cases of *Lee* v. *Jilson* and *Curtis* v. *Bemis*, and is not an open question. He is also right in his claim that if the plaintiff parted with his title after suit brought, he could not sustain the action by re-purchasing the note before trial. The plaintiff in a suit must stand at the trial on the rights existing and possessed at the time it was commenced. If therefore the title on which this suit was instituted and which gave the plaintiff a right to institute it, was afterwards voluntarily transferred to Goodman, it was no longer in existence, and a new title would not sustain the action. The right

which the action was commenced to enforce was destroyed by the transfer, not suspended, and the plaintiff was in no better position than if none had been possessed when the suit was brought, and one had been acquired afterwards.

But we can not assent to the claim that the title to the note in question passed to Mr. Goodman. It was not the intention of the parties that it should so pass when the note was first indorsed and sent to him for collection. That clearly appears from the circumstances detailed and is found by the court. And we think it sufficiently appears that it did not pass by the assignment. That instrument is somewhat peculiar and ambiguous. It speaks of a debt or claim on which a judgment had been recovered. What debt? The record shows that the note was declared on specially, but there were general counts and a bill of particulars setting forth an account, and the judgment could have been rendered on either. It does not therefore specifically describe the note. It describes the subject-matter of transfer also as "a debt or claim against the late firm of Imlay & Weston on which a judgment had been recovered against Weston as surviving partner," &c., "with all sum or sums of money due or that shall be due *thereon*," &c., that is, a debt which was against the firm but which had been turned into a debt against the defendant. The fair construction of this instrument on its face is, that the terms *debt* and *claim* are used to identify the judgment and because the original debt was against the firm and the judgment was against an individual member of it. And looking also at the language in which the power and authority to collect and discharge are couched, the fact that the note was merged in the judgment and not then legally existent or valueless because the debt for which it was given was merged, and the fact that the assignee was an intelligent lawyer who could not have been guilty of the folly of purchasing a note merged in a judgment, or rendered valueless by a merger of the consideration, leaving the title to the judgment remaining in the assignor, we can not doubt that the instrument was intended by the parties to pass and did pass the judgment only, and that when that was reversed and

annulled the parties to the suit were restored under our statutes to their original status and rights, and the assignee of the judgment became entitled to recover the price paid for it on the ground of a failure of consideration. Whether he would if he so elected have had a right in equity to the new judgment when obtained, if he had not released, we need not inquire.

A new trial should be denied.

In this opinion the other judges concurred.