AUSTIN R. MITCHELL *vs.* ISAAC A. ALLEN.

The plaintiff placed a quantity of cigars in the defendant's hands with instructions to sell them at a certain price, but not to deliver them until he received pay for them. The defendant in violation of these instructions sold the cigars to *B.* on three days' credit, and delivered them without receiving pay for them. The defendant afterwards brought a suit in his own name against *B.* for fraud in obtaining the cigars, obtained judgment, and settled the judgment by taking *B.'s* note payable to the defendant's order. After the commencement of the suit against *B.*, and before judgment, the defendant promised the plaintiff to pay him for the cigars, and afterwards paid him $500 on account of them.

Held that the plaintiff might maintain assumpsit against the defendant upon an account stated. Whether assumpsit for goods sold and delivered would lie, *quære.*

ASSUMPSIT tried in the Superior Court (*Pardee, J.*) on the general issue closed to the jury, with notice. Verdict for the plaintiff, and motion for a new trial for errors in the charge of the court. The case is sufficiently stated in the opinion.

*Hyde* and *J. W. Johnson*, in support of the motion, cited 1 Chitty Pl., 293, 342, 346, 349, 350; *Shepard* v. *Palmer*, 6 Conn., 95; *Brooks* v. *Holland*, 21 id., 388, 392, 393; *Weed* v. *Weed*, 22 id., 364; *Winton* v. *Meeker*, 25 id., 456, 464; *Power* v. *Butcher*, 10 Barn. & Cress., 340; *Ferguson* v. *Carrington*, 9 id., 59; *Gall* v. *Comber*, 7 Taunt., 558.

*Eaton* and *Perkins*, contra, cited *Floyd* v. *Day*, 3 Mass., 403; *Hemenway* v. *Hemenway*, 5 Pick., 389; *Miller* v. *Miller*, 7 id., 133; *Emerson* v. *Baylies*, 19 id., 55; *Vermont State Bank* v. *Stoddard*, Brayton, 24; *Tuttle* v. *Mayo*, 7 Johns., 132; *Jackson* v. *Baker*, 6 Cow., 183; 1 Chitty Pl., 351, 358; 2 Kent Com., 622; *Fairbanks* v. *Blackington*, 9 Pick., 93; 1 Hilliard on Torts, ch. 1, §§ 38, 39; 2 Greenl. Ev., § 127; *Knowles* v. *Michel*, 13 East, 249; *Hoyt* v. *Wilkinson*, 10 Pick., 31; *Cocking* v. *Ward*, 1 Man., Grang. & Scott, 858; *Boston & Worcester R R. Corporation* v. *Dana*, 1 Gray, 83, 100;

*Underhill* v. *Pomeroy*, 2 Hill, 603; *Russell* v. *Stocking*, 8 Conn., 237; *Steele* v. *Steele*, 35 id., 48; *Hoxie* v. *Home Ins. Co.*, 32 id., 36; *Brown* v. *Hodgton*, 4 Taunt., 188.

SEYMOUR, J. The declaration contains a count for goods sold and delivered, and upon an account stated. The plaintiff's bill of particulars is as follows in substance.

ISAAC A. ALLEN

Bought of A. R. MITCHELL,

1869, September 30th, 42,500 cigars @ $30,      $1275

CR.

Note at Bank,      $500

$775

It appears that some time prior to September 30th, 1865, the plaintiff, being the owner of the cigars mentioned in the bill of particulars, deposited them in the defendant's store in New York, and authorized him to sell them at $30 per thousand, but with special instructions not to let the cigars go out of his store until he, the defendant, received pay for them. The defendant in violation of these instructions sold them on three days' credit to one Baum, and delivered them without receiving pay. The defendant brought a suit in his own name against Baum for fraud in obtaining the cigars, in which suit he recovered judgment, and settled the judgment by taking the negotiable note of Baum payable to the defendant's own order. In the mean time, after the arrest of Baum and before the judgment was obtained, the defendant promised the plaintiff to pay him for his cigars so sold, and to save him from any loss, and after this promise the defendant did pay to the plaintiff in part thereof by a negotiable note for $500 since paid.

Upon these facts the Superior Court charged the jury that the plaintiff was entitled to recover.

That upon these facts the plaintiff in some proper form of action might recover is not disputed; but the defendant argues that none of the counts of the declaration are appropriate to the case.

It is undoubtedly true that when the cigars were first left with the defendant, the plaintiff did not sell, nor did the defendant buy them. When however the parties met each other after the sale to Baum, it was competent for them to agree that the cigars might be charged by the plaintiff to the defendant, and treated as bought and sold, and, such an agreement being proved, the count for goods sold and delivered would be appropriate. All that appears on this point is that the defendant promised to pay the plaintiff for the cigars so sold, and save him harmless from loss, and further, that the defendant partially fulfilled this promise by giving his note for .$500, and afterwards paying it. From such a promise and such payment it might properly be inferred that the parties agreed to treat the cigars as bought by the defendant, and that they should accordingly be charged to him. But however it may be with the count for goods sold, we think it clear that the defendant's promise to pay, and actual part payment, is sufficient evidence of an account stated. The plaintiff had a just claim against the defendant immediately upon the sale to Baum. The nature of the claim was such that an action of account would have been the plaintiff's appropriate remedy. But when the parties met and the defendant had made the promise to pay, and had paid in part, and the plaintiff had accepted the note for $500 as part payment, the account may be regarded as having been adjusted, and the amount due ascertained. That which before the agreement was indefinite and unsettled, became settled and liquidated. It is true the adjustment is not in writing, and writing is not necessary, but it is adjusted by a distinct promise to pay a certain sum in settlement. The amount thus promised to be paid may we think be recovered as due upon an account stated.

New trial not advised.

In this opinion the other judges concurred.