### DOMINIC ZACARINO *vs.* NICOLO PALLOTTI.

An account stated is an agreement between persons who have had previous transactions, fixing the amount due with respect to them.

A bill of particulars under a general count or counts in a declaration, limits the proof to the items named in the bill.

A declaration in general assumpsit contained among other statements of indebtedness a demand upon an account stated and one for goods sold and delivered. A bill of particulars was filed stating only items of indebtedness for money lent, for money paid out for goods, and for work and labor. Held that a demand for goods sold at an agreed price could not be proved, either as an account stated, as there had been no previous account, or under the allegation as to goods sold, as the bill of particulars contained no item of that kind.

GENERAL ASSUMPSIT, brought to the Court of Common Pleas. Facts found by a committee; remonstrance by the plaintiff against the acceptance of the report; report accepted and judgment for the defendant, (*Calhoun, J.;*) and motion in error by the plaintiff. The case is sufficiently stated in the opinion.

*L. E. Stanton* and *P. H. Daly*, for the plaintiff.

*M. R. West* and *S. F. Jones*, for the defendant.

PARK, C. J. The declaration in this case contains only the common counts. The plaintiff filed a bill of particulars, setting forth his claim, which was for money lent and advanced, for money paid, laid out and expended in goods, wares and merchandise, and for freight on the same, and for work and labor performed.

It appears that on the trial before the committee the plaintiff failed to establish any of these several claims, and the committee found that the defendant was not indebted to the plaintiff on any of them. It further appears, that by way of defence against the plaintiff's claims, the defendant offered evidence to prove that he made an agreement with the plaintiff to purchase a joint interest which the latter had with him in certain goods, agreeing to pay therefor the sum of $110; that he paid the plaintiff ten dollars and gave his promissory note for the balance; that the plaintiff returned the note because it was not stamped; and that the defendant thereupon destroyed it and informed the plaintiff that he should not carry the agreement into effect. The plaintiff denied all this, but the committee finds that these facts were proved. Afterwards the plaintiff insisted before the court that he ought to recover the hundred dollars due upon the agreement proved by the defendant. The defendant claimed that this could not be done under the plaintiff's declaration and bill of particulars. The court decided in accordance with the defendant's claim, and the question here presented is whether that decision was correct.

This question turns upon the character of a bill of particulars. It is clear that the indebtedness of one hundred dollars claimed by the plaintiff does not come under anything expressed in the bill, but in the declaration, which is in general assumpsit, containing all the common counts, there is a statement of indebtedness for goods sold and delivered, and for an indebtedness on an account stated; and the question is, whether this indebtedness can be brought in under either of these statements? We think it is clear it cannot.

It cannot come in as an account stated, for the manifest reason, among others, that at the time of the agreement there was no account between the parties to be stated. The indebtedness arose, if it arose at all, on the agreement to purchase the plaintiff's interest in the goods. If *A* agrees to pay *B* one hundred dollars for his horse, that surely cannot be called an account stated. This case is precisely similar in principle.

Abbott's Trial Evidence, p. 458, says:—" An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions and promising payment." Chitty on Contracts, p. 562, says:—" It must appear that, at the time of accounting, there existed some demand between the parties respecting which an account was stated, that a balance was then struck and agreed upon, and that the defendant expressly admitted that a certain sum was then due from him as a debt." See also 2 Greenl. Ev., § 126. Authorities on this subject might be cited to any extent.

Can the plaintiff recover the sum of one hundred dollars for goods sold and delivered? This ground of recovery is not suggested in the bill of particulars, and we think it clear therefore that the plaintiff cannot recover the amount upon this ground. In *Landon* v. *Sage*, 11 Conn., 302, the court say:—" The object of a bill of particulars is to give the defendant more specific and precise information as to the nature and extent of the demand made upon him by the plaintiff, than is announced by the declaration." In *Vila* v. *Weston*, 33 Conn., 42, it was held that a bill of particulars is demandable of right where there are general counts in the declaration, and in respect to one or all of them; and that it may be voluntarily furnished by the plaintiff without demand and in respect to one or all of them. In either event it was held to be, in effect, an amendment or amplification of the count or counts for which it is furnished or to which it is applicable. In *Guile* v. *Brown*, 38 Conn., 237, it was held that the effect of a bill of particulars is practically to amend the declaration

Zacarino v. Pallotti.

by limiting the range of proof to the items named in the bill; that it is equivalent in substance to striking out of the declaration all the other forms of indebtedness, and leaving only those counts to which the bill of particulars is applicable.

Where there are only the common counts in a declaration, and a bill of particulars is furnished stating the indebtedness claimed, the plaintiff says to the defendant, in effect, " This is all my claim," and he will be precluded from making any other demand in the case against the defendant. To hold otherwise would be to defeat the object of a bill of particulars, which is to give information to the defendant of the nature and character of all the plaintiff's demand against him, unless there are special counts in the declaration which themselves give information of the particular demand made under them. This is always the case, unless the bill is asked for with regard to, or is expressly limited to, certain counts of the declaration.

There is nothing in the case of *Mitchell* v. *Allen*, 38 Conn., 188, that conflicts with these views.

Applying this law to the present case, it is very clear that the plaintiff's bill of particulars precludes him from making any claim against the defendant for goods sold and delivered; and especially should this be so in the present case, where on the trial the plaintiff disclaimed the selling of any goods to the defendant.

There is no error in the judgment complained of.

In this opinion the other judges concurred.