297 So.2d 591 (1974)
FEDERATED DEPARTMENT STORES, INC., a Delaware Corporation, D/B/a Burdines, Appellant,
v.
ANTIGO INDUSTRIES, INC., a Corporation, Appellee.
No. 73-1438.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied August 7, 1974.
*592 Mershon, Sawyer, Johnston, Dunwody & Cole and Mark V. Silverio, Miami, for appellant.
Friedman, Britton & Stettin, Fort Lauderdale and William H. Benson, Miami Shores, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant appeals an adverse final judgment awarding plaintiff $6,041.67 in this action to recover on an account stated.
Plaintiff-appellee, Antigo Industries, Inc., was engaged in certain business transactions with the defendant-appellant, Burdines, between April 1970 and June 1970. On March 22, 1971 plaintiff sent to the defendant an account statement reflecting the dates and invoice numbers of the goods sold, the amounts thereof, credits to the defendant and an outstanding balance of $6,041.67. A dispute over this balance arose as the defendant claimed certain deductions which the plaintiff asserted were unauthorized and improperly taken. Thereafter, plaintiff-appellee filed an amended complaint wherein it sought to recover the balance of $6,041.67 against the defendant. Attached thereto was the above statement of March 22. The cause came on for trial, at which time plaintiff over defendant's objection was permitted to introduce into evidence as a business record a copy of the March 22, 1971 statement which plaintiff's president testified was one of several such statements prepared in the usual course of its business and sent to the defendant. At the close of plaintiff's case, defendant moved for an involuntary dismissal and as grounds therefor alleged error in the admission into evidence over defendant's objection of the copy of the statement of account because it was not a proper business record since it was neither made contemporaneously with the transactions nor made in the regular course of plaintiff's business. The motion was denied and at the conclusion of defendant's case the trial judge entered final judgment for the plaintiff in the sum of $6,041.67 plus interest and costs. Defendant appeals therefrom.
Appellant's sole contention on appeal is that the trial court committed error in admitting into evidence plaintiff's statement of account made nine months after the first transaction between the parties as a business record of the plaintiff. We disagree.
An examination of the record reveals that plaintiff's president testified that the subject statement was one of several monthly statements which were sent to the defendant during the period of their business transactions. Thus, we cannot say that this statement is devoid of any business regularity. Cf. E.Z.E., Inc. v. Jackson, Fla.App. 1970, 235 So.2d 337. Further, defendant-appellant does not quarrel with the sums reflected on this statement, but rather argues that it was entitled to certain set-off credits thereby impliedly admitting the correctness of the *593 amounts on the account stated. See Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 So. 298 (1911).
Accordingly, the judgment herein appealed is affirmed.
Affirmed.