361 So.2d 440 (1978)
BREEZY BAY, INC., Appellant,
v.
INDUSTRIA MAQUILADORA MEXICANA, S.A., Appellee.
No. 77-2041.
District Court of Appeal of Florida, Third District.
August 1, 1978.
Bass & Stillman, Fort Lauderdale, for appellant.
*441 Arango & Galarraga, and Jorge Sanchez-Galarraga, Coral Gables, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
Defendant, Breezy Bay, Inc., appeals a final judgment in favor of plaintiff, Industria Maquiladora Mexicana, S.A. (IMM), in an action to recover on an account stated.
IMM and Breezy Bay had been engaged in a continuing business relationship whereby Breezy Bay would ship raw materials to IMM in Mexico in order to manufacture them into finished garments in styles chosen by Breezy Bay. IMM would provide the necessary labor and after the garments were completed, it would ship them to Breezy Bay. In August, 1975 IMM, alleging that Breezy Bay owed it $14,887.60 as reflected in five invoices for labor performed, filed the instant action to recover thereon. Included in this total was an invoice for $2,856 for garments which were destroyed by a fire at IMM's place of business after they had been manufactured but before they were shipped. Breezy Bay filed an answer set off and counterclaim for the garments destroyed by the fire and for certain machinery it sold to IMM. The cause was tried non-jury and upon conclusion, the trial court entered judgment for IMM for $10,572.10. Breezy Bay appeals.
For the first point on appeal, Breezy Bay contends the court erred in admitting into evidence the five invoices for labor performed sent to Breezy Bay by IMM in that the conditions therefor as provided by Section 92.36(2), Florida Statutes (1977) were not met. We cannot agree.
First, two of the five invoices were stipulated to by Breezy Bay. Second, IMM's representative testified that he had personal knowledge of the amount of garments that were shipped according to the invoices; that the invoices accurately reflected the amount of pieces that were sent to Breezy Bay; the original invoices were sent to Breezy Bay which never communicated that they were incorrect either in writing or orally. We, therefore, find that the trial court correctly found a proper foundation had been laid for the reception of the invoices. See Mastan Company v. American Custom Homes, Inc., 214 So.2d 103 (Fla. 2d DCA 1968). In addition, Breezy basically did not quarrel with the amount of the invoices; but instead argued it was entitled to a set off as a result of the garments destroyed by the fire and machinery sold to IMM. Thus, Breezy Bay impliedly admitted to the correctness of the amounts of the invoices. See Federated Dept. Stores, Inc. v. Antigo Indus., Inc., 297 So.2d 591 (Fla. 3d DCA 1974).
Breezy Bay also urges as error the denial of its motion for directed verdict. We find this point lacks merit because the record reflects stipulations as to the fact that the original invoices were sent to Breezy Bay and Breezy Bay received the garments shipped with the exception of those destroyed. Thus, IMM made out a prima facie case.
As another point on appeal, Breezy Bay argues that the trial court erred in finding that the risk of loss for the destroyed garments fell upon it.
Breezy Bay's argument that IMM is liable for the loss of the garments destroyed under Section 677.204, Florida Statutes (1977) [warehouseman's liability] or under Section 672.509, Florida Statutes (1977) [risk of loss between seller and buyer] is untenable because the relationship between Breezy Bay and IMM simply does not fall under either one of these categories. We conclude that the trial court was correct in holding Breezy Bay liable for the risk of loss under the law of common law bailments inasmuch as IMM presented evidence to the effect that it did not breach its duty of ordinary care. See Parker v. Miracle Strip Boat & Motors Hdqtrs., 341 So.2d 197 (Fla. 1st DCA 1977).
We also considered Breezy Bay's remaining points on appeal and find no reversible error has been made to appear.
Affirmed.