527 So.2d 246 (1988)
NORTH SHORE MEDICAL CENTER, INC., a Florida Corporation, Appellant,
v.
Joseph ANGRAND and Ann Marie Angrand, Appellees.
Nos. 87-587, 87-694.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 20, 1988.
Mandate Withdrawn; Rehearing Granted October 4, 1988.
Hayt, Hayt & Landau and Alan M. Fisher and Jacob J. Linhart and Steven D. Ginsburg, Miami, for appellant.
Alan M. Sorota, North Miami, and Michael Lechtman, North Miami Beach, for appellees.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the final judgment which, after a non-jury trial, dismissed a suit brought by the North Shore Medical Center, Inc. against Joseph and Ann Marie Angrand, husband and wife, to collect an outstanding bill for hospital services and supplies. We direct that judgment instead be entered for the appellant-hospital against the Angrands because (1) Joseph Angrand himself  the recipient of the services and supplies during his stay at North Shore  testified that he received the bills from the hospital reflecting the amount claimed to be owed and raised no protest to the necessity of the services and supplies or the reasonableness of the charges; thus, the correctness of the account stated was implicitly admitted,[1]Stephens Lumber Co. v. Cates, 62 Fla. 382, 56 So. 298 (1911); Breezy Bay, Inc. v. Industria Maquiladora Mexicana, S.A., 361 So.2d 440 (Fla. 3d DCA 1978); Federated Department Stores, Inc. v. Antigo Industries, Inc., 297 So.2d 591 (Fla. 3d DCA 1974); (2) although the hospital's complaint sought to recover its bill on a quantum meruit theory, the theory of an account stated was tried with the implied consent of the Angrands, see supra note 1, making it error for the trial court to deny the hospital's motion to amend its complaint to conform to the evidence, Di Teodoro v. Lazy Dolphin Development Co., 418 So.2d 428 (Fla. 3d DCA 1982); see also Siverling v. Siverling, 447 So.2d 996 (Fla. 5th DCA 1984); and (3) in light of Joseph Angrand's admission that he was unable to pay the hospital bill, a judgment against his wife for the necessaries provided to him should also be entered, *247 Webb v. Hillsborough County Hospital Authority, 521 So.2d 199 (Fla. 2d DCA 1988).
Reversed and remanded with directions to enter judgment for the hospital against the Angrands.

ON REHEARING
PER CURIAM.
The mandate issued in the above-styled cause on August 5, 1988, is hereby withdrawn. The order denying the appellees' motion for rehearing is vacated, and the motion is granted.
It was called to this court's attention that during the pendency of this appeal the appellant voluntarily dismissed its action against Marie Angrand which, in turn, effectively dismissed its appeal from the lower court judgment in favor of Mrs. Angrand. Accordingly, that part of the opinion which directs the trial court to enter judgment against Marie Angrand is withdrawn, and the lower court is instead directed to enter judgment against Joseph Angrand only.
NOTES
[1] Angrand testified that the only reason he did not pay the bill was that he could not afford to:

"Q. While you were at the hospital, did you receive any care there?
"A. Yes.
"Q. Did you receive a bill at the end of your treatment?
"A. Yes.
"Q. Did you pay it completely at the end of your treatment?
... .
"A. No.
"Q. Isn't it true that the only reason you didn't pay completely is that you didn't have the entire amount at the time?
"A. I didn't have the money.
"Q. So your answer is, it's true, you didn't pay the bill because you didn't have the money at the time; is that correct?
"A. I didn't have the money. I didn't have the money, that's why I didn't pay.
"Q... . Is the only reason you didn't pay the bill that you didn't have the money?
"A. Yes."