# EHRENKRANTZ v EHRENKRANTZ
## Case No. 88-7639 CA 20
Eleventh Judicial Circuit, Dade County
December 5, 1989

## OPINION OF THE COURT

FRED MORENO, Circuit Judge.

### FINAL JUDGMENT

Plaintiff Ira Ehrenkrantz is the son of Joseph Ehrenkrantz, now deceased. Defendant Shirley Kaufman Ehrenkrantz was the second wife of Joseph Ehrenkrantz. The Plaintiff, under the common law Doctrine of Necessaries, sued his stepmother for reimbursement of monies spent by him on behalf of his father for medical care and personal expenses.

The Plaintiff son moved for summary judgment indicating that he paid the medical necessities required for his father's illness after defendant failed and refused to pay. The defendant's widow also moved for a summary judgment claimed that the Doctrine of Necessaries is not applicable.

The parties agree that the material facts as set in the depositions are

not in dispute and that an interpretation of the Doctrine of Necessaries resolves the only relevant issues. Under this common law doctrine a husband must pay his wife's "necessary" living and medical expenses as though he himself had contracted for them. However, under that rule a wife is under no similar obligation. This obvious equal protection denial was termed an "anachronism" by *Shands Teaching Hospital & Clinics v Smith,* 497 So.2d 644 (Fla. 1986). Nevertheless the Florida Supreme Court refused to consider the issue as presented by the creditor hospital. The Court left it to the legislature to reform such doctrine. Nevertheless in *North Shore Medical Center, Inc. v Angrand,* 527 So.2d 246 (Fla. 3d DCA 1988) and *Webb v Hillsborough County Hospital Authority,* 521 So.2d 199 (Fla. 2d DCA 1988), the appellate courts declared that the Doctrine of Necessaries extends to both husband and wife. Such holding is not contrary to *Shands, supra,* since "the constitutional equal protection of the law was not in issue in that case." *Webb v Hillsborough County Hospital Authority,* 521 So.2d at 200 (Fla. 2d DCA 1988). It is evident that to rule that a century old doctrine applies only to one gender violates both the United States and Florida Constitutions. Nevertheless this Court is bound by the Florida Supreme Court opinion that modifying or outright rejecting the Doctrine of Necessaries is a legislative decision.

This Court invites the parties in the instant case to obtain a clarification of the above cited authorities, in the event that there is an appeal. The legislature may also consider abolishing or modifying the Doctrine of Necessaries to eliminate any equal protection violations. Under the facts of this case, the defendant wife is responsible for necessaries provided to the husband. *See Parkway General Hospital Inc. v Stern,* 400 So.2d 166 (Fla. 3d DCA 1981). However such responsibility by the spouse, of either gender, is to the health care provider and not to a third party.

The Court is not unmindful of the interested son's predicament when faced with providing the necessary health care to his ill father. Nevertheless only the legislature can impose a legal obligation to a son or daughter for the health care of a parent. One's compliance with a moral obligation to a relative does not necessarily yield a monetary reimbursement guarantee, absent a written contract to the contrary.

WHEREFORE this Court denies Plaintiff's motion for summary judgment and enters final judgment in favor of defendant Shirley Kaufman Ehrenkrantz.

DONE and ORDERED this 5th day of December, 1989.