GROSS, C.J.
 

 Patricia Farley timely appeals a final summary judgment entered in favor of appellee Chase Bank, USA, the plaintiff in the circuit court. We affirm the final judgment, which was granted on a claim for an account stated.
 

 Chase Bank sued to recover on a credit card account. The cause of action set forth in the complaint was' an account stated. One of Farley’s arguments on appeal is that Chase failed to provide an itemized copy of the account sued upon. However, unlike an action for an open account, an account stated does not require proof of an itemized statement of charges.
 

 “Actions for an account stated and an open account are two distinct causes of actions requiring different burdens of proof.”
 
 S. Motor Co. of Dade County v. Accountable Constr. Co.,
 
 707 So.2d 909, 912 (Fla. 3d DCA 1998). On the one hand, “[a]n account stated has been defined to be ‘an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.’ ”
 
 Martyn v. Amold,
 
 36 Fla. 446, 18 So. 791, 793 (Fla.1895) (citing
 
 Zacarino v. Pallotti,
 
 49 Conn. 36 (1881)).
 

 On the other hand, an open account “is an unsettled debt arising from items of work and labor, with the expectation of further transactions subject to future settlements and adjustment.”
 
 S. Motor Co. of Dade County,
 
 707 So.2d at 912 (citing
 
 Robert W. Gottfried, Inc. v. Cole,
 
 454 So.2d 695, 696 (Fla. 4th DCA 1984)). “In order to state a valid claim on an open account, the claimant must attach an ‘itemized’ copy of the account.”
 
 H & H Design Builders, Inc. v. Travelers’ Indem. Co.,
 
 639 So.2d 697, 700 (Fla. 5th DCA 1994) (citing
 
 Moore v. Boyd,
 
 62 So.2d 427 (Fla.1952),
 
 overruled on other grounds, Stevenson v. Arnold,
 
 250 So.2d 270, 272 (Fla.1971)).
 

 An itemized statement of underlying charges is not required to establish a claim for an account stated. Proof of an account stated requires an express or implied agreement between the parties that a specified balance is correct and due and an express or implied promise to pay this balance.
 
 See Merrill-Stevens Dry Dock Co. v. Corniche Express,
 
 400 So.2d 1286 (Fla. 3d DCA 1981). The cause of action is often based upon an implied promise. Thus, when an account statement has “been rendered to and received by one who made no objection thereto within a reasonable time,” a prima facie case for the correctness of the account and the liability of the debtor has been made.
 
 Daytona Bridge Co. v. Bond,
 
 47 Fla. 136, 36 So. 445, 447 (Fla.1904);
 
 Gendzier v. Bielecki,
 
 97 So.2d 604, 608 (Fla.1957). An objection “impliedly admit[s] the correctness of the amounts on the account stated” when it does not challenge them.
 
 Federated Dep’t Stores, Inc. v. Antigo Indus., Inc.,
 
 297 So.2d 591, 592-93 (Fla. 3d DCA 1974);
 
 see also Breezy Bay, Inc. v. Industria Maquiladora Mexicana, S.A.,
 
 361 So.2d 440, 441 (Fla. 3d DCA 1978). A debtor may overcome a prima facie case of an account stated by “meeting the burden of proving fraud, mistake[,] or error” in the account.
 
 Robert C. Malt & Co. v. Kelly Tractor Co.,
 
 518 So.2d 991, 992 (Fla. 4th DCA 1988);
 
 Gendzier,
 
 97 So.2d at 608.
 

 The cause of action for an account stated is based on “the agreement of the parties to pay the amount due upon the accounting, and not any written instru
 
 *938
 
 ment.”
 
 Whittington v. Stanton,
 
 63 Fla. 311, 58 So. 489, 491 (Fla.1912). Thus, “it is not necessary, in order to support ’a count upon account stated, to show the nature of the original debt, or to prove the specific items constituting the account.”
 
 Daytona Bridge Co.,
 
 36 So. at 447 (citations omitted).
 

 On the remaining issue raised, we find that Chase Bank’s affidavits in support of summary judgment properly authenticated Farley’s credit card statement. In addition, one affidavit attached a 2006 letter from Farley that “acknowledged her obligation” to the bank.
 

 STEVENSON and CIKLIN, JJ, concur.