SUAREZ, J.
Alba G. Tylinski and her daughter, Cecilia M. Tylinski, appeal from a final judgment denying their motion for attorney’s fees and a directed verdict in favor of counter-defendant Klein Automotive. We affirm.
Alba and Cecilia Tylinski (“Tylinskis”) jointly purchased a new car from Klein Automotive, Inc., d/b/a Beach Honda (“Beach Honda”). The finance manager for the car dealer, Bryan Elparin, handled the transaction. After negotiations, the parties agreed to a Retail Order Contract (“ROC”), and a Retail Installment Sale Contract (“RISC”) that set forth the financed portion of the deal. Both the ROC and RISC reflected an allowance of $2,000 for the Tylinskis’ 1995 Honda’ Accord trade-in, and a $4,000 cash down payment. While Cecilia’s credit was inadequate to obtain financing for the purchase, Alba’s credit was excellent, and with Alba on the contract the Tylinskis were told that the purchase and financing agreement had been approved. The Tylinskis testified that they promptly paid the $4,000 in cash to Mr. Elparin, and that after he placed the cash in his desk drawer they did not see the money again. They also testified that they were not given a receipt for the $4,000 cash they gave Mr. Elparin.[1] Beach Honda allowed the Tylinskis to drive off the lot in their new 2006 Honda Civic.
Subsequently, the financing agreement was assigned to American Honda Finance Corporation, and several days later the Tylinskis were informed that American Honda declined to approve the financing. As a result, the parties came back to Beach Honda and entered into a second set of ROC and RISC contracts that reflected a new financing agreement with terms substantially the same as the first. As in the first set of contracts, the ultimate amount financed reflected the $2,000 trade-in allowance and the $4,000 cash down payment. The Tylinskis once again, drove the new car off the lot. Cecilia made her first two payments under the agreement. Beach Honda assigned the second RISC to Citifinancial. The testimony was that Beach Honda then claimed it could not find the $4,000 and cancelled the assignment.
According to the Tylinskis’ testimony, personnel at Beach Honda began harassing them later that month for the $4,000 down payment that the Tylinskis claimed to have initially paid to the dealership via its employee, Bryan Elparin.[2] The Tyl-inskis alleged that Beach Honda contacted them on roughly twenty separate occasions, threatened them with repossession, criminal charges of grand theft auto, ruination of their credit, and finally a civil suit. The Tylinskis appear to have unsuccessfully attempted to resolve the matter with Beach Honda.
A month and a half later, in September of 2006, the Tylinskis entered into yet a third Retail Order Contract and a third Retail Installment Sales Contract with Beach Honda for the same car. Once again, both contracts reflected the $2,000 trade-in allowance and the $4,000 cash *872 down payment. According to the Tylinsk-is, Beach Honda’s representative agreed that the dealership would “eat” the sum to resolve the dispute over the missing $4,000. The Tylinskis were, for a third time, allowed to drive the car off of the lot. The third RISC was assigned by Beach Honda to Wells Fargo. Over the next six months, the Tylinskis made timely, regular payments.
Then, on March 21, 2007, Beach Honda filed suit against the Tylinskis for breach of contract as a small claims summary procedure action, seeking recovery of the $4,000. The suit alleged breach of the ROC for failure to pay the $4,000. In response, the Tylinskis counterclaimed, seeking damages for deceptive and unfair trade practices, slander, and violations of the Consumer Collections Practices Act, and subsequently added a claim for punitive damages. The matter was then transferred to Circuit Court. After a bench trial, the court entered final judgment in favor of the Tylinskis as to Beach Honda’s claim for breach of contract, and granted an involuntary dismissal to Beach Honda on all counts of the Tylinskis’ counterclaims. The Tylinskis now appeal the involuntary dismissal as to their counterclaims, and seek attorney’s fees and costs as the prevailing party in their defense against Beach Honda.
Beach Honda argues that the Tylinskis are not entitled to attorney’s fees because the document sued upon and attached to the Complaint, the Retail Order Contract, does not contain a provision for attorney’s fees.[3] The financial contract is contained in the RISC, and that contract does contain an attorney’s fee provision,[4] but that is not the document upon which Beach Honda sued. Beach Honda sued only for breach of the ROC. The RISC was not admitted as an exhibit at trial. The Tylinskis’ Answer to the Complaint clearly asserts a claim for 57.105(7) fees,[5] but it was based on the ROC, which does not contain an attorney’s fee provision. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991) (“[A] party seeking attorney’s fees pursuant to statute or contract must plead entitlement to such fees.”). The Tyl-inskis prevailed in their defense against the dealership on the dealership’s suit to recover the cash down payment. We understand the Tylinskis’ argument that, but for the financial commitment reflected in the RISC, the dealership would not have allowed them to drive the car off the lot.[6] Nevertheless, the dealership sought recovery under the ROC, not the RISC; there is no contractual avenue for recovering attorney’s fees based on the ROC, and the Tylinskis did not plead any statutory basis for recovering attorney’s fees other than § 57.105(7). Generally, an order granting or denying attorney’s fees and costs is reviewed on an abuse of discretion standard. See Thomas v. Perkins, 723 So.2d 293 (Fla. 3d DCA 1998). Because we can *873 find no abuse of discretion based on this record, we must reluctantly affirm the judgment denying attorney’s fees to the Tylinskis in the breach of contract action.
The Tylinskis also appeal from the trial court’s grant of Beach Honda’s motion for involuntary dismissal of their counterclaims against Beach Honda. The standard of review on appeal of a trial court’s ruling at a bench trial on a motion for involuntary dismissal is the same as the test used by the trial court in ruling on a directed verdict at a jury trial; a motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party. See Etheredge v. Walt Disney World Co., 999 So.2d 669, 671 (Fla. 5th DCA 2008); Craigside, LLC v. GDC View, LLC, 74 So.3d 1087 (Fla. 1st DCA 2011) (holding that, on appeal of a judgment entered after a bench trial, while the parties are entitled to de novo review of the trial court’s legal rulings, an appellate court is bound by the trial court’s findings of fact where competent, substantial evidence supports the findings). In this bench trial, the trial court weighed all of the presented evidence, considered the testimony of witnesses, and after hearing argument from both parties concluded that the Tylinskis had not met their burden of proof in their counterclaims for slander, deceptive and unfair trade practices or violation of the Consumer Debt Practices Act. Based on our standard of review, we find no error and must affirm.[7]
Affirmed.

. The Retail Order Contract specifically states that the order form is not evidence of any cash payment and that cash payments are evidenced only by a separate receipt.

. The record indicates that Mr. Elparin was subsequently terminated by Beach Honda for "performance” and "violation of policies and procedures.”

. Only the face page of the second, July 1, 2006, ROC was attached to the Complaint, and the face of that document plainly references terms and conditions contained "on the reverse side of this order” that are not attached to the Complaint.

. The attorney’s fee provision states, "If we hire an attorney to collect what you owe, you will pay the attorney’s fee and court costs as permitted by law.”

. Section 57.105(7), Florida Statutes (2011) provides that where a contractual provision permits prevailing party attorneys’ fees to one party when that party is required to take action to enforce the contract, the court may allow reasonable attorneys’ fees to the other party when that other party prevails in the action. Section 57.105(7) thus provides for mutuality of attorneys' fees in contract cases.

.The trial court found the Tylinskis’ testimony regarding the $4,000 cash down payment credible.

. We agree with our colleague who informed Beach Honda at oral argument that it was very lucky in its procedural posture in the trial court below. We would add that Beach Honda is very lucky that we are, in this case regretfully, bound by our standard of review.