NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KATRINA BUSHNELL,                          )
                                           )
        Appellant,                     )
                                           )
v.                                         )          Case No.  2D17-429
                                           )
PORTFOLIO RECOVERY ASSOCIATES,             )
LLC,                                       )
                                           )
        Appellee.                      )
_____)

Opinion filed September 14, 2018.

Appeal from the County Court for
Hillsborough County; Herbert M. Berkowitz,
Judge.

Jennifer Erin Jones of McIntyre Thanasides
Bringgold Elliott Grimaldi & Guito, P.A.,
Tampa, for Appellant.

Janet Varnell of Varnell & Warwick, P.A.,
Lady Lake; Lynn Drysdale of Jacksonville
Area Legal Aid, Inc., Jacksonville; Craig E.
Rothburd of Craig E. Rothburd, P.A.,
Tampa; and Arthur Rubin of We Protect
Consumers, P.A., Tampa, for Amicus
Curiae National Association of Consumer
Advocates, in support of Appellant.

Robert E. Sickles and Jason S. Lambert of
Broad and Cassell, Tampa; and David M.
Greenbaum, Racquel A. White, Brian M.
Bilodeau and Jessica L. Montes of

Portfolio Recovery Associates, LLC,
Norfolk, Virginia, for Appellee.


SILBERMAN, Judge.

Katrina Bushnell seeks review of a county court order denying her motion for prevailing party attorney's fees after Portfolio Recovery Associates, LLC, voluntarily dismissed its account stated cause of action against her. Portfolio, as the successor in interest to the original creditor under Bushnell's credit card account, had filed suit to recover $1021.22 based on Bushnell's alleged failure to object to a billing statement reflecting the amount due. Bushnell sought attorney's fees pursuant to a provision in the credit card account agreement that provides for fees to the creditor in any collection action and the reciprocity provision in section 57.105(7), Florida Statutes (2015). The trial court denied the request for fees and on rehearing certified that this case raises the following question of great public importance:

> IS AN ACCOUNT STATED CAUSE OF ACTION TO
> COLLECT ON AN UNPAID CREDIT CARD ACCOUNT AN
> ACTION TO ENFORCE A CONTRACT, SUCH THAT THE
> PREVAILING PARTY IS ENTITLED TO AN AWARD OF
> ATTORNEYS' FEES UNDER § 57.105(7), FLORIDA
> STATUTES?

We rephrase the certified question as follows:

> IS AN ACCOUNT STATED CAUSE OF ACTION TO
> COLLECT ON AN UNPAID CREDIT CARD ACCOUNT AN
> ACTION "WITH RESPECT TO THE CONTRACT" SUCH
> THAT THE PREVAILING PARTY IS ENTITLED TO AN
> AWARD OF ATTORNEY'S FEES UNDER § 57.105(7),
> FLORIDA STATUTES (2015)?

We answer this question in the affirmative, reverse the order denying Bushnell's motion for fees, and remand for further proceedings.

## I. Background

This dispute arises from Bushnell's alleged failure to pay the balance owed on an Amazon.com store card. In its complaint and in an affidavit and exhibits attached to the complaint, Portfolio claimed that it is the assignee of and successor in interest to the original creditor and that it is the owner of Bushnell's credit card account and the proceeds of the account. It asserted that it has all of the account seller's "power and authority" regarding the account and that the seller has no further interest in the account or account proceeds. Notably, Portfolio brought the action as one for account stated, as opposed to breach of contract.

Bushnell answered the complaint, raised multiple affirmative defenses, and requested an award of attorney's fees based on the underlying credit card agreement. She filed an affidavit to which she attached the credit card agreement that she stated was for the account. Eventually, Portfolio voluntarily dismissed its complaint. Bushnell then filed a motion for award of attorney's fees and costs as the prevailing party, relying on the credit card agreement and section 57.105(7).

The credit card agreement contains a provision authorizing the creditor to recover its attorney's fees as part of its collection costs if it "ask[s] an attorney who is not our salaried employee to collect your account." The agreement does not limit the recovery of fees to certain types of collection actions, whether for breach of contract or otherwise. And the creditor "may sell, assign or transfer any or all" of its rights or duties under the agreement including the rights to payments.

## II. Arguments and Analysis

Section 57.105(7) provides, in pertinent part:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

The trial court found that Bushnell could not recover fees under section 57.105(7) because the underlying action is not an "action to enforce the contract" as required under that statute. Specifically, the court determined that an action for account stated is not an action for breach of the contract at issue, which is the credit card agreement. The court certified a question that requires proof of an "action to enforce the contract" as follows:

IS AN ACCOUNT STATED CAUSE OF ACTION TO COLLECT ON AN UNPAID CREDIT CARD ACCOUNT AN ACTION TO ENFORCE A CONTRACT, SUCH THAT THE PREVAILING PARTY IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER § 57.105(7), FLORIDA STATUTES?

Bushnell argues that the trial court erred in interpreting section 57.105(7) to require an "action to enforce a contract." She asserts that the provision requires an action "with respect to the contract." She argues that the certified question should be rephrased to require proof of an action "with respect to the contract." And she claims that the account stated cause of action is an action with respect to the credit card agreement.

Consistent with the wording of the credit card agreement and the statute, and in light of the circumstances before us, we agree with Bushnell that the certified question should be rephrased. In our view, there are two requirements for application of the reciprocity provision in section 57.105(7): (1) the contract must include "a provision

allowing attorney's fees to a party when he or she is required to take any action to enforce the contract," and (2) the other party seeking fees must "prevail[] in any action, whether as plaintiff or defendant, with respect to the contract." See Portfolio Recovery Assocs., LLC v. Benjamin, 24 Fla. L. Weekly Supp. 96a (Fla. 9th Cir. Ct. Apr. 18, 2016); Pujol v. Capital One Bank (USA), N.A., 23 Fla. L. Weekly Supp. 517a (Fla. 15th Cir. Ct. Sept. 21, 2015); Portfolio Recovery Assocs., LLC v. Cordero, 23 Fla. L. Weekly Supp. 392b (Fla. 7th Cir. Ct. July 23, 2015).

The main thrust of the first requirement of section 57.105(7) is determining whether there is a contractual provision allowing for the recovery of fees by a party who is required to take any action to enforce the contract. There is no dispute that the credit card agreement at issue has such a provision. The second statutory requirement, if met, allows the other party to recover fees even though the agreement provides for the recovery of fees only in favor of one party. The main thrust of the second requirement is determining whether the movant is the prevailing party in an action with respect to the contract.

In this case, there is no dispute that Bushnell is the prevailing party. See Raza v. Deutsche Bank Nat'l Tr. Co., 100 So. 3d 121, 123 (Fla. 2d DCA 2012) (explaining that the courts in Florida have consistently determined that a defendant in a case that is voluntarily dismissed is the prevailing party for purposes of attorney's fees). However, there is a dispute over whether the action for account stated constitutes an action with respect to the credit card agreement. Thus, we rephrase the certified question as follows:

IS AN ACCOUNT STATED CAUSE OF ACTION TO
COLLECT ON AN UNPAID CREDIT CARD ACCOUNT AN

ACTION "WITH RESPECT TO THE CONTRACT" SUCH THAT THE PREVAILING PARTY IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER § 57.105(7), FLORIDA STATUTES (2015)?

We answer this question in the affirmative. Our answer to the question is informed by the supreme court's interpretation of analogous contract language in Caufield v. Cantele, 837 So. 2d 371, 379 (Fla. 2002). In Caufield, the contract provided for "attorney's fees in connection with any litigation 'arising out of' the contract." Id. at 373. The supreme court concluded that the prevailing party in an action for fraudulent misrepresentation was entitled to fees under this provision. Id. at 379. In so doing, the court considered three other decisions in which courts declined to limit similar contractual provisions to contract enforcement claims. Id. (citing Katz v. Van Der Noord, 546 So. 2d 1047 (Fla. 1989) (rescission); Kelly v. Tworoger, 705 So. 2d 670 (Fla. 4th DCA 1998) (fraudulent misrepresentation); and Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109 (11th Cir. 2001) (tortious interference)). The supreme court reasoned, "Had there been no contract, the ensuing misrepresentation would not have occurred. Therefore, the existence of the contract and the subsequent misrepresentation in this case are inextricably intertwined such that the tort complained of necessarily arose out of the underlying contract." Id.

Although Caufield interpreted a contractual provision, at least one court has applied its "inextricably intertwined" test to a statutory provision containing the "arising out of" language. See Randall v. Lady of Am. Franchise Corp., 532 F. Supp. 2d 1071, 1093 (D. Minn. 2007) ("The Court therefore finds that a non-contract claim 'aris[es] out of [a] contract' for purposes of § 95.03 when that non-contract claim could *only* arise if the parties have entered into a contract." (alteration in original)). We

conclude that the "arising out of" language is not materially different from the "with respect to" language in section 57.105(7). And we hold that the supreme court's "inextricably intertwined" test in Caufield is applicable to determine whether an action is "with respect to the contract" such that the reciprocity provision in section 57.105(7) applies.

We are not persuaded by Portfolio's argument that the application of the inextricably intertwined test to section 57.105(7) is inconsistent with Tylinski v. Klein Automotive, Inc., 90 So. 3d 870 (Fla. 3d DCA 2012). In Tylinski, the plaintiff car dealer filed suit against the defendants for breach of a Retail Order Contract (ROC) the defendants had signed in the course of purchasing a car. Id. at 871-72. The defendants prevailed in the breach of contract action, but the trial court denied their motion for attorney's fees under section 57.105(7). Id. at 872-73.

In affirming, the Third District discussed two documents that the parties had executed. Id. at 871-72. One was a Retail Order Contract (ROC), which did not contain an attorney's fee provision. Id. at 872. The other was a Retail Installment Sales Contract (RISC), which contained an attorney's fee provision. The court rejected the defendants' argument that fees should have been awarded to them in accordance with the terms of the RISC. The court stated that it understood the defendants' "argument that, but for the financial commitment reflected in the RISC, the dealership would not have allowed them to drive the car off the lot." Id. But the court explained that the dealer sued only for breach of the ROC. And in their answer to the complaint the defendants' asserted a claim for attorney's fees under the reciprocity provision of

section 57.105(7) and the ROC.  The defendants did not plead a claim for fees under the RISC, which was the contract containing the fee provision.  Id.

The Tylinski court's rejection of the defendants' "but for" argument to the application of section 57.105(7) is not inconsistent with the application of the inextricably intertwined test here.  The Third District did not interpret the "with respect to the contract" language in section 57.105(7) to determine whether the defendants were entitled to fees.  Instead, the court upheld the denial of attorney's fees because the defendants failed to plead a proper basis for the recovery of fees.  Id. at 872-73.

In contrast to the circumstances of Tylinski, Portfolio brought an action to collect money owed as a result of Bushnell's use of the Amazon.com store credit card.  Bushnell responded to the complaint and asserted her claim for fees under a provision in the credit card agreement and section 57.105(7).  Thus, Tylinski simply does not apply here.

To apply the inextricably intertwined test from Caufield in this case, we must consider whether the account stated cause of action could have occurred absent the existence of the credit card contract.  A claim for account stated requires proof "that there was 'an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.' "  Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1196 (Fla. 5th DCA 2014) (quoting Farley v. Chase Bank, U.S.A., N.A., 37 So. 3d 936, 937 (Fla. 4th DCA 2010)).  There does not need to be an explicit agreement.  Id.  Instead, a claim for account stated can be based on a debtor's failure to object to an account statement.  Id.

While a claim "for an account stated is based on 'the agreement of the parties to pay the amount due upon the accounting, and not any written instrument,' " Farley, 37 So. 3d at 937, the amount due here is based on the debtor's failure to pay under the credit card contract. Simply put, if there had been no credit card contract, the amount due would not have accrued in the first place. The credit card contract and the account stated cause of action are therefore inextricably intertwined such that the account stated cause of action is an action "with respect to the contract" under section 57.105(7). Accordingly, we answer the rephrased certified question in the affirmative.

In summary, we conclude that in an action for account stated brought to collect the amount due under a credit card agreement, the reciprocity provision in section 57.105(7) applies to a properly pleaded request for attorney's fees made pursuant to the terms of the agreement. As a result, we reverse the order that denied Bushnell's motion for attorney's fees and remand for the trial court to determine the reasonable amount of attorney's fees to be awarded to Bushnell.[1]

Reversed and remanded for further proceedings; certified question answered.

KELLY and MORRIS, JJ., Concur.

---

[1]The order on appeal awarded costs to Bushnell as the prevailing party pursuant to a stipulation. We do not disturb that portion of the order.