# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3112

_____

EUGENE HAM, III,

    Appellant,

    v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Appellee.


_____

No. 1D17-3113

_____

LAURA FOXHALL,

    Appellant,

    v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Appellee.


_____

On appeal from the County Court for Escambia County.
Patricia A. Kinsey, Judge.

PER CURIAM.

In these consolidated cases, Eugene Ham and Laura Foxhall challenge final orders denying their claims for prevailing party attorney's fees in actions brought by Portfolio Recovery Associates, LLC, to recover unpaid credit card debt under an "account stated" theory of liability. We accepted jurisdiction of the orders certified by the county court to be of great public importance. For the reasons that follow, we affirm.

*Background*

Portfolio, as assignee of GE Capital Retail Bank ("Bank") and purchaser of certain consumer debts, filed separate actions against Mr. Ham and Ms. Foxhall in the small claims division of the Escambia County Court. In each case, Portfolio filed a one-count complaint for common law account stated to collect the balance allegedly owed on a credit card account originating with the Bank. Portfolio alleged that each debtor had a revolving credit card account with the Bank, the debtor used the account to make purchases and/or cash advances resulting in an unpaid balance, the Bank provided monthly credit card account statements to the debtor for the amounts due, and the debtor did not object to the account statement. The total amount in controversy for both cases was $4,754.43.[1] Portfolio did not attach to the complaint or mention any written credit card contracts between the Bank and the debtor ("credit contract"), nor did Portfolio plead an entitlement to attorney's fees if successful in the actions.

In their answers, the debtors denied the material allegations of the complaints and asserted several affirmative defenses. They also requested reciprocal attorney's fees pursuant to section 57.105(7), Florida Statutes.

---

[1] Portfolio sought recovery of $819.74 from Mr. Ham and $3,934.69 from Ms. Foxhall.

Both sides moved for summary disposition with competing affidavits. Portfolio submitted affidavits from its records custodian with attached credit card statements and other documents. The debtors submitted affidavits in which they disputed the balances claimed by Portfolio and denied agreeing with Portfolio to any account balances.

The county court proceeded to trial in both cases. Finding that Portfolio failed to offer any admissible evidence to support the complaints, the court entered final judgments in favor of the debtors and reserved jurisdiction to address attorney's fees and costs.

After entry of the final judgments, the debtors filed motions for reciprocal attorney's fees pursuant to section 57.105(7). The motions referenced the provisions of the respective credit contracts providing for the payment of attorney's fees and costs for collection of the account in the event of default. Portfolio opposed the requests for attorney's fees on several grounds, including that the credit contracts did not apply since its complaints were based on the theory of "account stated," not breach of contract.

The trial court initially agreed with the debtors regarding their entitlement to attorney's fees, concluding that because there would be no consumer debt but for the credit contracts, the extension of credit and ultimate collection of the debts are inextricably intertwined and cannot be separated. After an evidentiary hearing, the court ordered Portfolio to pay attorney's fees and costs of $51,046.50 in Mr. Ham's case and $53,570.00 in Ms. Foxhall's case.

Portfolio moved for a new trial with respect to the debtors' entitlement to attorney's fees based on an intervening appellate decision from the Escambia County Circuit Court, *Portfolio Recovery Associates, LLC v. Gruenwald*, No. 2016 AP 000024 (Fla. 1st Cir. Ct. Apr. 21, 2017).[2] In *Gruenwald*, the First Circuit held

---

[2] The circuit court's appellate decision in *Gruenwald* is currently pending in this Court on certiorari review in Case No. 1D17-1914. Based on our review of the docket in that case, it appears that the party's name is correctly spelled "Grunewald."

3

that section 57.105(7) does not apply in a case in which a creditor proceeds under an account stated cause of action independent of any written credit card agreement the creditor has with a debtor. *Id.* at *3-4. Citing *Gruenwald* as binding precedent,[3] the county court granted the motions for new trial and reversed its judgments for attorney's fees and costs. Recognizing the conflicting judicial decisions on the issue[4] and the significance of its ruling, the court

_____

[3] Circuit court appellate decisions are binding on all county courts within that circuit. *Fieselman v. State*, 566 So. 2d 768, 770 (Fla. 1990).

[4] Though this case is one of first impression in this Court, several courts have previously ruled on this issue. The Second District, in agreement with several circuit courts sitting in their appellate capacity, recently held that section 57.105(7) provides for attorney's fees in an account stated action when the contract includes a unilateral provision for attorney's fees. *See Bushnell v. Portfolio Recovery Assocs., LLC*, 43 Fla. L. Weekly D2144a (Fla. 2d DCA Sept. 14, 2018) ("The credit card contract and the account stated cause of action are . . . inextricably intertwined such that the account stated cause of action is an action 'with respect to the contract' under section 57.105(7)."); *Portfolio Recovery Assocs., LLC, v. York*, 25 Fla. L. Weekly Supp. 4a (Fla. 10th Cir. Ct. Mar. 16, 2017) ("[B]ut for the credit agreement there would not be credit given in order to have a debt (Account Stated) in the first place."); *Portfolio Recovery Assocs., LLC, v. Benjamin*, 24 Fla. L. Weekly Supp. 96a (Fla. 9th Cir. Ct. Apr. 18, 2016) ("[T]he lawsuit encompassed the situation that the attorney's fee provision contemplated."). However, several circuit courts, when confronted by the same question, have held the opposite. *See Portfolio Recovery Assocs., LLC v. Gruenwald*, 2016 AP 000024 (Fla. 1st Cir. Ct. Apr. 21, 2017) (holding that an account stated cause of action is "independent of the original credit contract" and not an action "with respect to the contract" subject to section 57.105(7)); *Balog v. CACH, LLC*, 24 Fla. L. Weekly Supp. 474a (Fla. 6th Cir. Ct. Sept. 20, 2016) ("[I]f CACH had prevailed at the trial level, it would not have been entitled to attorney's fees; therefore, awarding attorney's fees under the reciprocity provision of section 57.105(7) . . . would be contrary to legislative intent."); *Pujol v. Capital One Bank (USA)*, 23 Fla. L. Weekly Supp. 517a (Fla. 15th Cir. Ct. Sept.

certified the following question of great public importance to this Court:

> IS AN "ACCOUNT STATED" CAUSE OF ACTION BROUGHT BY AN ASSIGNEE SEEKING TO COLLECT A CREDIT CARD DEBT ARISING FROM A WRITTEN CREDIT CARD AGREEMENT BETWEEN THE DEFENDANT DEBTOR AND THE ASSIGNOR, WHICH INCLUDES A UNILATERAL ATTORNEY'S FEE PROVISION, AN ACTION TO ENFORCE A CONTRACT, SUCH THAT THE PREVAILING PARTY IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER §57.105(7), FLORIDA STATUTES, WHERE A PORTION OF THE DEBT INCLUDES LATE FEES AND FINANCE CHARGES ARISING OUT OF THAT WRITTEN AGREEMENT?

We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160.

## *Analysis*

It is well settled that the prevailing party in litigation is not entitled to recover attorney's fees unless there is a statutory or contractual basis for the award. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004); s*ee also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) ("This Court has followed the 'American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties."). In these cases, the debtors sought attorney's fees under the unilateral fee provisions in their credit contracts, which they contend were made reciprocal to them under section 57.105(7). Since resolution of this

---

21, 2015) (defining an account stated cause of action as "a separately enforceable legal agreement"); *Portfolio Recovery Assocs., LLC v. Cordero*, 23 Fla. L. Weekly Supp. 392b (Fla. 7th Cir. Ct. July 23, 2015) ("[A]ttorneys' fees were not recoverable under Section 57.105(7) because Portfolio's initial Complaint was not based on a contract, even though there was an underlying credit card agreement between the parties that did provide for the recovery of fees.").

case rests on the interpretation of a statute, our review is de novo. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018).

Section 57.105(7) provides as follows:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

"The purpose behind section 57.105(7) is to provide mutuality of attorney's fees as a remedy in contract cases. The statute is designed to even the playing field, not expand it beyond the terms of the agreement." *Fla. Hurricane Prot. & Awning, Inc. v. Pastina*, 43 So. 3d 893, 895 (Fla. 4th DCA 2010) (citations and internal quotation marks omitted). Thus, we must examine the nature of Portfolio's action against the debtors to determine whether the attorney's fees provision in the credit contracts was triggered.

Portfolio elected to file a one-count complaint against each of the debtors, seeking a balance owed from account statements rendered to them as a result of unpaid credit card debt. Florida courts have long recognized a cause of action for account stated, which requires (1) an agreement between the parties as to the amount owed, (2) an agreement that the amount owed was due, and (3) an express or implicit promise to pay that amount. *Everett v. Webb Furniture Co.*, 124 So. 278, 279 (Fla. 1929). An action for "account stated is based on 'the agreement of the parties to pay the amount due upon the accounting, and not any written instrument.'" *Farley v. Chase Bank, U.S.A.,* 37 So. 3d 936, 937 (4th DCA 2010) (quoting *Whittington v. Stanton*, 58 So. 489, 491 (Fla. 1912)). Therefore, "it is not necessary, in order to support a count upon account stated, to show the nature of the original debt, or to prove the specific items constituting the account." *Id.* (quoting *Daytona Bridge Co. v. Bond*, 36 So. 445, 447 (Fla. 1904)). Simply put, an action for account stated is based on a new promise to pay that is separately enforceable without regard to any written contract from which the debt may have originated.

6

Here, the essential allegations of Portfolio's complaints against the debtors are that (1) the debtors had business relations with the Bank, (2) they obtained and used their respective credit cards to make purchases resulting in unpaid balances, and (3) the Bank rendered billing statements to them that were not objected to within a reasonable time. Portfolio did not reference or attach the credit contracts to the complaints, but instead attached monthly billing statements.

Because the action framed by Portfolio in these cases did not rely on the credit contracts containing the unilateral fee provision, we conclude that the debtors are not entitled to reciprocal fees under section 57.105(7) by virtue of those contracts. To rule otherwise would undermine Portfolio's ability to choose its cause of action. *See Feinberg v. Naile*, 561 So. 2d 1307, 1308 (Fla. 3d DCA 1990) ("A plaintiff is not guaranteed success in the choice of remedies, only an opportunity to proceed under a theory which has been pled."). While Portfolio could have brought a claim for enforcement of the credit contracts, it elected not to do so and instead chose to pursue an account stated theory. As a result, had Portfolio prevailed at the trial level, it would not have been entitled to fees under the credit contracts either.

In so holding, we have not overlooked the debtors' argument that the credit contracts are inextricably intertwined with the account stated claims because the account stated claims would not exist but for the credit contracts. Portfolio's claim, they reason, is therefore an action "with respect to the contract" under section 57.105(7). They rely primarily on the Florida Supreme Court's decision in *Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002), for support. *Caufield* involved a suit for fraudulent misrepresentation related to a contract for the sale of a mobile home park. The supreme court held that because the tort would not have occurred but for the contract, "the existence of the contract and the subsequent misrepresentation . . . [were] inextricably intertwined." *Id.* at 379. The court explained that the tort claim arose from a party's failure "to carry out its contractual duty to reveal defects in the property," and no claim would have existed but for the contract. *Id.* Section 57.105(7) was not at issue because the contract provided a mutual provision for attorney's fees.

We distinguish this case from *Caufield* because the actions for accounts stated were distinct from, and not inextricably intertwined with, the credit contracts. Portfolio pled a cause of action for account stated that was based not on the credit contracts, but rather on a separately enforceable legal agreement that arose from the debtors' implied promises to pay on an accounting rendered by the Bank. The tort claim in *Caufield* required proving the existence and the breach of the contract. *Id.* An account stated claim, on the other hand, exists independent of the underlying contract, requires no evidence of breach of the contract, and can exist in the absence of any contract at all.

The facts of this case are more analogous to the facts in *Tylinski v. Klein Automotive, Inc.*, 90 So. 3d 870 (Fla. 3d DCA 2012). In that case, the Tylinskis entered into two contracts with a car dealership for the purchase of a vehicle. One contract was for the sale of the vehicle ("ROC") and the other was for its financing ("RISC"). *Id.* at 871. Only the RISC contained an attorney's fees provision. *Id.* at 872. The dealership sued for breach of the ROC, and the Tylinskis prevailed. *Id.* The Tylinskis then moved for attorney's fees based on section 57.105(7), arguing that both contracts were relevant because the sale would not have existed but for the financing. *Id.* The Third District affirmed the denial of fees, emphasizing the dealership's decision to proceed only under the ROC:

> We understand the Tylinskis' argument that, but for the financial commitment reflected in the RISC, the dealership would not have allowed them to drive the car off the lot. Nevertheless, the dealership sought recovery under the ROC, not the RISC; there is no contractual avenue for recovering attorney's fees based on the ROC, and the Tylinskis did not plead any statutory basis for recovering attorney's fees other than § 57.105(7).

*Id.* at 872 (footnote omitted).

The same reasoning applies here. Although the debtors would not have credit card debt but for their contracts with the Bank, Portfolio did not sue under the credit contracts. It instead proceeded under an account stated cause of action that was not

8

dependent on a contract. Accordingly, "there is no contractual avenue for recovering attorney's fees." *See id.*

Finally, the certified question suggests the argument that because Portfolio sued for amounts that included previously accrued late fees and interest, the credit contracts are inextricably intertwined with Portfolio's claims, even if framed as account stated. This argument misstates the nature of a cause of action for account stated. The elements of a claim for account stated required Portfolio to show it had a business relationship with the debtor, it sent a bill to the debtor, and the debtor expressed or implied agreement to the amount owed. Whether all or part of the debt arises from terms of a written agreement is irrelevant to the cause of action. The claim stems from an agreement to pay an amount due upon an accounting, not the individual items constituting the account balance. *See Farley*, 37 So. 3d at 937 ("An itemized statement of underlying charges is not required to establish a claim for an account stated.").

For these reasons, we affirm the trial court's order denying attorney's fees, answer the certified question in the negative, and certify conflict with the Second District's decision in *Bushnell v. Portfolio Recovery Associates, LLC*, 43 Fla. L. Weekly D2144a (Fla. 2d DCA Sept. 14, 2018).

WETHERELL, RAY, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, and Robert N. Heath, Jr., of Robert N. Heath, Jr., P.A., Pensacola, for Appellants.

Robert E. Sickles and John P. Gaset of Broad and Cassel, LLP, Tampa, for Appellee.

Janet Varnell of Varnell & Warwick, P.A., Lady Lake; Lynn Drysdale of Jacksonville Area Legal Aid, Inc., Jacksonville; Craig E. Rothburd of Craig E. Rothburd, P.A., Tampa; and Arthur Rubin of We Protect Consumers, P.A., Tampa, for National Association of Consumer Advocates.