# Third District Court of Appeal
## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0594
Lower Tribunal No. 22-11206
_____

## Nation Security, LLC, et al.,
Appellants,

vs.

## Everest National Insurance Co., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Mamone Villalon, and Ramsey Villalon, for appellant Nation Security, LLC.

The Pivnik Law Firm, and Jerome A. Pivnik, for appellees.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Everest National Insurance Company and Everest Indemnity Insurance Company (together, "Everest") sued Nation Security, LLC, and Supra Security, Inc. (together, "Nation Security") for failing to pay additional insurance premium invoices generated from a payroll and sales audit. To collect these funds, Everest asserted claims of open account, account stated, and breach of contract. The relevant invoices were attached to the complaint, but the actual insurance policies were not.[1]

Nation Security appeals final summary judgment entered in favor of Everest on all three counts. Nation Security contends the trial court erred for several reasons, but primarily (as to Count Three) because it granted summary judgment even though Everest never introduced the policies into the record—either as attachments to the complaint or as evidence in support of its motion for summary judgment.

Everest responds generally that it was unnecessary to do so because "the policies were not the basis of the suit." See Fla. R. Civ. P. 1.130(a) (providing: "All bonds, notes, bills of exchange, contracts, accounts, or documents *upon which action may be brought* or defense made, or a copy

---

[1] Nation Security moved to dismiss the complaint for failure to attach the insurance policies, but that motion was denied. Nation Security also filed an answer and affirmative defenses asserting Everest's failure to attach the policies to the complaint as required by Florida Rule of Civil Procedure 1.130.

2

thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading. *No papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments*.") (Emphasis added). Everest further states that it provided Nation Security with copies of the policies during discovery.

This Court applies de novo review to a summary judgment ruling. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). As the party seeking summary judgment, Everest bore the burden to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Pellerano v. Renta, 48 Fla. L. Weekly D2142 at *1 (Fla. 3d DCA, Nov. 8, 2023) (quoting Fla. R. Civ. P. 1.510(a)). Once Everest met this burden, it became Nation Security's burden as the nonmovant to "come forward with an affidavit or other proof to show the existence of a genuine dispute as to a material fact." Id.

With respect to Count One (Open Account) and Count Two (Account Stated), the submitted affidavit, invoices and other record evidence were sufficient to meet Everest's burden on summary judgment. See Farley v. Chase Bank, U.S.A., N.A., 37 So. 3d 936, 937 (Fla. 4th DCA 2010) ("In order to state a valid claim on an open account, the claimant must attach an

'itemized' copy of the account.") (quotation omitted); see also id. at 937-38 ("The cause of action for an account stated is based on the agreement of the parties to pay the amount due upon the accounting, and not any written instrument. Thus, it is not necessary, in order to support a count upon account stated, to show the nature of the original debt, or to prove the specific items constituting the account.") (quotation omitted). Nation Security's affidavit, in turn, was insufficient to defeat summary judgment on these claims. Mane FL Corp. v. Beckman, 355 So. 3d 418, 425 (Fla. 4th DCA 2023) ("The 'mere existence of a scintilla of evidence' is not sufficient to defeat summary judgment.") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)); Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467-68 (Fla. 3d DCA 2022) ("Under the new summary judgment rule, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'") (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

However, with respect to Count Three (Breach of Contract), Everest's failure to attach, or otherwise make a part of the record in support of summary judgment, the insurance policies which represented the underlying contract alleged to have been breached by Nation Security, requires

4

reversal.  <u>See</u> Fla. R. Civ. P. 1.510(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); <u>see also</u> <u>Deauville Hotel Mgmt., LLC v. Ward</u>, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) ("To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages.") Stated differently, the policies, not the invoices, are the basis for the breach of contract claim. <u>See</u> Fla. R. Civ. P. 1.130(a); <u>cf.</u> <u>Blue Star Restoration Inc. v. First Protective Ins. Co.</u>, 321 So. 3d 240, 242 (Fla. 4th DCA 2021) ("First Protective relied on the insurance policy's provisions to contend that the public adjuster was properly on the check. However, the policy was never made part of the record. Summary judgment must be based solely on those materials properly presented to the court in accordance with the procedure set forth in Florida Rule of Civil Procedure 1.510. Here, that was not done.")[2]

---

[2] Even Everest's complaint appeared to contemplate the filing of the insurance policies into the trial record, stating: "The policies are voluminous and will be filed at the appropriate time . . . .")  Further, Everest does not contend that Nation Security waived this argument at the hearing on the summary judgment motion; to the contrary, the issue was raised by Nation

We therefore affirm the final summary judgment as to Count One (Open Account) and Count Two (Account Stated) but reverse the final summary judgment as to Count Three (Breach of Contract).[3] We remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

---

Security in its answer to the complaint and in its response in opposition to Everest's motion for summary judgment.

[3] We find no merit in the remaining issues raised on appeal.